## Porter *versus* Dougherty.

He who demands specific performance of a parol contract for the sale of land, must present his claim without any unnecessary delay, and while performance may be enforced without injury to others, and must also have done no act which would render it unjust or inequitable to decree specific execution of the contract.

Where the vendee under a parol contract gave up the possession, on receipt of notice from his vendor, who thereupon entered and made valuable improvements on the land, and by his will devised it to another who entered into possession; the vendee also having received a pecuniary legacy under the will of the vendor. *Held*, that these circumstances accompanied with the lapse of eleven years before any suit was brought to enforce the parol agreement, were a bar to a specific performance.

Where the vendor of land by a parol agreement is dead, the Orphans' Court has exclusive jurisdiction to enforce the specific performance of the contract.

ERROR to the Common Pleas of *Westmoreland county.*

This ejectment was brought by John Porter against Andrew Dougherty to recover the possession of a tract of land containing 100 acres. The title was originally in John Beacam, whose daughter was intermarried with James Porter, the father of the plaintiff. At the instance of Beacam, James Porter and his wife went on to a tract of land belonging to Beacam in Allegheny county. After living there for four years Beacam gave the land to his son Robert, by whom 40 acres of the improved part of it was sold to Porter, who moved upon it, built a cabin, and cleared some additional land. He paid Robert $40 for the land.

Porter lived there about a year, and he and Robert disagreeing, John Beacam came over and proposed to Porter to give up the land to Robert, and he would give him a tract in Washington township,

[Porter *v.* Dougherty.]

Westmoreland county, containing 60 acres. Porter acceded to this proposition, built a cabin on the land, moved upon it and cleared six or eight acres, and lived there about fifteen years, until he was accidentally killed, leaving his wife and six children upon the land. The widow continued to live on the land for two years longer, when she married a man by the name of Baxter, and with her family went to reside with him.

Before she left, her father had given her notice to quit. He then made his will, and devised the land to his daughter, Mrs. Croops, under whom the defendant claims as tenant. Beacam died in 1847. He also bequeathed $100 to plaintiff's mother.

The widow and the other surviving children of James Porter conveyed their interests to John Porter. The widow left the land in 1840 or 1841, since which time it has been in the possession of John Beacam, and Mrs. Croops, who claims as devisee under Beacam's will.)

The Court (AGNEW, P. J.,) instructed the jury that the statute of frauds and perjuries was a bar to the plaintiff's recovery, and directed the jury to find a verdict for the defendant.

This instruction was assigned for error.

*Cowan* and *McKinney*, for plaintiff in error.

*Foster* and *Woods*, for defendant in error.

The opinion of the Court was delivered by

LOWRIE, J.—This plaintiff claims this land under a grant from his mother, and he fails because she had no equity. One who desires to enforce specific performance of a parol contract for the purchase of land must present his claim without any unnecessary delay, and while affairs remain in such a condition that performance can be enforced without injury to others, and especially he must not himself have done any act that is incompatible with his claim for performance, or that makes such a claim inequitable.

Here eleven years elapsed between the breach of the alleged contract by the plaintiff's grandfather, when he claimed and got back the land from the plaintiff's mother, and the bringing of this suit. In the meantime the grandfather made considerable improvements on the land, and then died, having made his will devising away to his children this and his other land: the devisee of this portion is in possession of it as part of her share of her father's estate, and must lose it if this claim succeeds; and the plaintiff's mother was bequeathed $100, and it was paid to her.

These circumstances very obviously set aside the equity on which the plaintiff relies, if it ever existed, which is very doubtful. Besides this, ejectment is not the proper form of remedy for

[Porter *v.* Dougherty.]

enforcing specific performance of such a contract against the estate of a decedent: 17 *State Rep.* 193; 19 *Id.* 491.

Judgment affirmed.