## Kensinger *versus* Smith, to use of McClain.

1. A deed from A. to B. recited that the land was conveyed subject to the payment of a balance of purchase-money " for which a judgment had been entered in the name of C.," and in the *habendum* it was declared to be subject to the payment of the said sum " as aforesaid." *Held*, that C. could maintain ejectment either in his own name, or in the name of A. to his use, to enforce the payment of said sum.

2. In a conditional verdict and judgment in ejectment where there was an omission to fix a time for the payment of the sum upon which the verdict was to be released, the Supreme Court, on error, amended the judgment by inserting a date before which payment should be made.

May 11th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas, of *Bedford county :* Of May Term 1880, No. 82.

Ejectment by Esther Smith, for the use of Samuel McClain, against Samuel Kensinger and Nancy Kensinger, his wife, to recover two tracts of land in Bedford county.

Jacob K. Smith died seised of the land in controversy. By order of the Orphans' Court for the payment of debts, his administrator sold this real estate, and by deed, dated December 30th 1872, conveyed the same to Esther Smith, the widow, the purchaser, for the consideration of $2216.69. At the time of the sale there was paid by Nancy Kensinger, the mother of Esther Smith, the sum of $1400, of which she borrowed from Samuel McClain $350. The deed to Esther Smith from the administrator was never delivered till payment of the balance of the purchase-money, November 12th 1873. On the 30th of October 1873, Esther Smith, by articles of agreement, agreed to sell and convey to the said Nancy Kensinger the land in controversy, she to pay to the said Esther Smith " the sum of $2214, in manner following, to wit: $1515 in cash, and the balance the said Nancy Kensinger to pay to the administrator of Jacob Smith ; to get the deed which is made to the said Esther Smith by the administrator of Jacob Smith, deceased, when the said Esther Smith will make the same over to the said Nancy Kensinger." The same day Esther Smith receipted for $1515 to Nancy Kensinger.

On November 12th 1873, Nancy Kensinger borrowed from Samuel McClain the further sum of $773.41, and, with $100 she had herself, paid off the balance of the purchase-money due from Esther Smith to Jacob K. Smith's administrator, when the said administrator delivered the deed to Esther Smith. On the same day, Esther Smith executed a conveyance for the same land to Nancy Kensinger, in pursuance of the agreement before mentioned. A statement or settlement of the transactions between Samuel McClain and Nancy Kensinger was then drawn up, and

[Kensinger v. Smith.]

for borrowed money to make payments on this land, for two years' interest in advance, for four per cent. excess in interest, and for the expenses and trouble of the said McClain, it appeared there was due him $1378.09, for which he took her individual judgment-note, and the same day had judgment thereon entered against her. The consideration mentioned in the last deed from Esther Smith to Nancy Kensinger was $1108.35. This deed was in the usual form, and, after the description of the land, contained this clause: "The said real estate is conveyed subject to the payment of the sum of one thousand three hundred and seventy-eight dollars and nine cents, being the balance of purchase-money due, from which a judgment has been entered in the name of Samuel McClain. * * * Habendum, etc., * * * subject, nevertheless, to the payment of the sum of one thousand three hundred and seventy-eight dollars and nine cents, as aforesaid."

After the bringing of this action, on the first day of December 1879, the said Esther Smith filed her petition in the Court of Common Pleas, praying for a rule on Samuel McClain, for whose use and at whose instance the action of ejectment was brought, to show cause why the use of her name as legal plaintiff should not be prohibited and the same stricken from the record, she alleging that Samuel McClain was not a party in any particular to the deed of conveyance from her to Nancy Kensinger, that the purchase-money was all paid to her, and all claims she ever had against the grantee were fully satisfied. This application was decided in the trial of the case.

At the trial, before Hall, P. J., the defendant presented the following points, all of which the court refused:

1. That the action of ejectment, in its present form, cannot under all the evidence in this case be sustained.

2. That no action of ejectment by Samuel McClain, for his use, can, against the consent of Esther Smith, the legal plaintiff, be maintained under the evidence in this cause.

3. That Esther Smith, the grantor, having parted with all her right, title and interest in this land, by conveyance to Nancy Kensinger, the grantee, and all of the purchase-money due her or her predecessors in title having been paid, the said Samuel McClain is a stranger to the deed and to the title, and therefore has no such title or right at law as would enable him to recover in this form of action.

4. That the undisputed evidence in this case being that the purchase-money due Esther Smith and her predecessors in title was all paid when the conveyance was made to Nancy Kensinger, she stood in no other relation to him than a debtor for the amount advanced by McClain to satisfy the purchase-money owing by Nancy Kensinger on the conveyance to her, and upon a breach of

[Kensinger *v.* Smith.]

the conditions in said deed to Nancy Kensinger, Samuel McClain has no right of entry for condition broken, nor right to enforce the performance of the condition by this action of ejectment.

The court then directed the jury, under all the evidence in the case, to render a verdict for the plaintiff for the land in dispute, to be released on payment of $1573.30. Verdict accordingly, and after judgment thereon, defendant took this writ, and alleged that the court erred in the refusal of the defendant's points, and in the above direction to the jury.

*John Cessna* and *J. M. Reynolds,* for plaintiff in error.— The plaintiff must have either a legal or equitable title before he can sustain an action of ejectment: Westenberger et al. *v.* Reist et al., 1 Harris 597 ; Reed *v.* Murray, 1 Jones 334 ; Megargel *v.* Saul, 3 Whart. 13 ; Thompson *v.* Adams, 5 P. F. Smith 482 ; Kenege *v.* Elliott, 9 Watts 262.   There being in this case neither a trust to execute nor a conveyance sought to be enforced, the courts of this state will not, by the instrumentality of a jury, direct a recovery in ejectment: Peeblees *v.* Reading, 8 S. & R. 491.   The farthest that the courts have gone is to decide that parties to deeds of conveyances may, by clear and express words, create liens upon land, either for purchase-money or for the performance of collateral conditions which will be binding between themselves and their privies: Strauss's Appeal, 13 Wright 353 : Hiester *v.* Green, 12 Id. 96.   But in no case can it be found where a stranger to the deed can create such a lien, or the vendor create it, independent of interest in the conveyance for his benefit. As was said in Baer *v.* Whisler, 7 Watts 144, whether there was an estate on condition depends on the intention of the parties indicated by the agreement, and the deed which must be taken as one instrument.   Here the agreement to sell stipulates an absolute conveyance to the grantee, and the deed actually followed the agreement in this particular.   See also the cases of Hepburn *v.* Snyder et al., 3 Barr 72 ; Campbell *v.* Shrum, 3 Watts 60, and Taylor *v.* Preston, 29 P. F. Smith 436.

But if this is an estate on condition which the plaintiff seeks to establish, then Samuel McClain, being a stranger to the deed and to the title, he cannot enter for a breach of the condition, nor can the estate be forfeited to him by this action of ejectment.   It is a rule of the common law that no one can take advantage of the breach of a condition expressed but parties and privies in right and representative as heirs, executors or administrators of natural persons and the successors of body politic.   No assignee or stranger can enter: Crabb on Real Property, Law Lib. 531, 550, 2150, 2189, 2190 ; Hamilton *v.* Elliott, 5 S. & R. 385 ; Cruise Dig., vol. 1, pp. 31.   And an actual entry is necessary to sustain the action.

[Kensinger v. Smith.]

The plaintiff cannot put herself in position to maintain this action, or to enforce a forfeiture of the estate for breach of a condition by instituting her action : " Esther Smith for the use of Samuel McClain." He does not stand in any such relation to the estate, to the grantor or the grantee to do so. The bringing of the action in its present form does not better his condition, and especially as it is brought against the will and consent of her who conveyed the title and created the condition, as the plaintiff calls it. The verdict of the jury must be set aside because it is not in proper form. A period should have been stipulated in which payment was to be made in order to release the land under the verdict : Dixon v. Oliver, 5 Watts 512.

*Russell & Longenecker, G. H. Spang* and *R. B. Petriken,* for defendant in error.—The intention of the parties, gathered from their acts and the language of the deed, shows that the land was to be a security to McClain for the payment of his money, and it matters not whether it is called a charge, condition or equitable lien : Bear v. Whistler, 7 Watts 149 ; Shep. Touch., Preston 120, 121 ; Wash. on Real Property, 467 ; Hamilton v. Elliott, 5 S. & R. 381 ; Westenberger v. Reist, 1 Harris 598 ; Strauss's Appeal, 13 Wright 353. If a condition, then by the unbroken current of decisions in this court, ejectment will lie to enforce it : Bear v. Whistler, *supra ;* Hamilton v. Elliott, 5 S. & R. 375 ; Perry v. Scott, 1 P. F. Smith 124 ; Soper v. Guernsey, 21 Id. 223 ; Watters v. Breden, 20 Id. 235.

The payment of any lien or charge on land may be enforced by ejectment where there is a clear intent to make the real estate chargeable with the money : Galbraith v. Fenton, 3 W. & S. 361 ; Ripple v. Ripple, 1 Rawle 386 ; Simpson v. Ammons, 1 Binn. 175 ; Smith v. Shuler, 12 S. & R. 243 ; Kraub v. Essick, 2 Watts 282 ; Fluck v. Replogle, 1 Harris 406. The court properly overruled the motion made, that the action could not be maintained in the name of Esther Smith against her consent. The suit was brought in the name of the right plaintiff, and her consent was not necessary : 1 Chitty on Pleading 2 ; Ins. Co. v. Smith, 1 Jones 124 ; Riley v. Vandyke, 1 Phila. R. 180 ; Bear v. Whistler, *supra ;* Montgomery v. Cook, 6 Id. 238 ; Pres. Cong. v. Johnston, 1 W. & S. 9 ; Campbell v. Galbraith, 5 Watts 423. Any party interested in the performance of the condition may enforce it by ejectment : Strauss's Appeal, 13 Wright 355.

Mr. Justice MERCUR delivered the opinion of the court, May 24th 1880

A cestui que trust may maintain ejectment in his own name : Kennedy v. Fury, 1 Dall. 76. If entitled to possession he may maintain it against his trustee : Presbyterian Congregation v.

[Kensinger *v.* Smith.]

Johnston, 1 W. & S. 9. Esther Smith was unnecessarily named as the legal party, but she was powerless to prevent McClain from enforcing his right to the unpaid purchase-money. It is expressly declared in the deed made to the plaintiff in error, and under which she holds, that the land is conveyed "subject to the payment of the sum of one thousand three hundred and seventy-eight dollars and nine cents, being the balance of purchase-money due for which a judgment has been entered in the name of Samuel Mc-Clain." In the *habendum* it is declared she shall hold subject nevertheless to the payment of the said sum " as aforesaid."

In this state ejectment is an equitable action : Russell et al. *v.* Baughman et al., *post,* p. 400, and cases there cited. It lies to enforce unpaid purchase-money clearly shown in the conveyance to be a part of the consideration on which the deed is made and declared to be subject to its payment.

The fact that a judgment note recited in the deed to be for the same purchase-money, was also given, will not defeat ejectment, which would otherwise lie, brought to enforce payment of the purchase-money. We think the remedies are cumulative and either may be pursued. The only error we discover is an omission to fix a time for the payment of the sum found to be due. We therefore amend the judgment so that it shall read judgment in favor of the plaintiff below for the land in dispute to be released on payment of the sum of fifteen hundred and seventy-three dollars and thirty-seven cents, with interest thereon from the 22d December 1879, and costs, on or before the 15th November 1880, and thus amended

. Judgment affirmed.