# Moyer *versus* Garrett et al.

When a vendor of lands by articles of agreement has not parted with the legal title he may maintain ejectment to enforce the payment of interest agreed to be paid and due upon unpaid instalments of purchase-money.

November 19th 1880.    Before Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.    Sharswood, C. J., absent.

Error to the Court of Common Pleas of *Fayette county.*: Of October and November Term, 1880, No. 199.

Ejectment by Jacob L. Moyer against Joseph Braithwait and Henry Garrett for 298 acres of land.

On the 10th of September 1877, Jacob L. Moyer agreed by written articles to sell his farm in Springfield township, Fayette

[Moyer v. Garrett.]

county, containing about 300 acres, to Henry Garrett and Joseph Braithwait for the sum of $6000. Of the purchase-money $2500 was to be paid on the 1st of April 1878, and the payment of the balance, amounting to $3500, was deferred for seven years from April 1st 1878, but the interest thereon was to be paid to Moyer annually. The first payment of $2500 was duly made on the 1st of April 1878; after that nothing was payable to the plaintiff, except interest, for seven years. On the 1st of April 1879, the first year's interest on $3500, viz.: $210, fell due. The purchasers failed to pay said interest, and the plaintiff brought this ejectment to compel the payment of it.

The following point was submitted by the defendants which the court, Willson, P. J., affirmed: That as it is admitted that the amount sought to be recovered in this case is interest on the unpaid purchase-money, the plaintiff is not entitled to recover in this form of action. Verdict for defendants, when plaintiff took this writ and alleged, inter alia, that the court erred in affirming the above point.

*Edward Campbell*, for plaintiff in error.—Instead of a party to a written agreement having no remedy to recover his interest where the payment of the interest is provided for by the terms of the agreement, this court has said in Bank v. Chester, 1 Jones 290, "that the non-payment of interest where it is expressly stipulated for, is no less a breach of condition here than in England; or than the non-payment of an instalment of the principal. A distinction here would be arbitrary and without a difference." In Hummel v. Brown, 12 Harris 313, this court cites the Bank v. Chester, and says: "In such cases, where the terms of the obligation comprehend interest, it is inaccurate to say that interest is added by way of damages; for it is a substantive part of the debt as much as the principal is, and is subject to the same remedies." The court below would hardly go so far as to declare that if the last instalment of $3500 were due and payable to Moyer under this contract he could not bring this ejectment to enforce the payment of it. Both the Bank v. Chester, and Hummel v. Brown, *supra*, were actions upon written contracts to enforce the payment of interest alone where none of the principal entered into the contest. Could anything be plainer than the declaration of this court in the Bank v. Chester, "in reason and principle there is nothing to prevent the parties to a contract pledging land for the payment of interest *eo nomine*, nothing to prevent their making a forfeiture of the estate to depend on this condition any more than any other." Now, if Mr. Moyer could bring this ejectment to enforce the payment by Garrett and Braithwait of the instalment of $3500, if it were due and unpaid in violation of the conditions of their contract, why shall he not be permitted to enforce payment in this way of

[Moyer *v.* Garrett.]

the interest on that instalment when it is due and unpaid in violation of those conditions?

*Boyle & Mestrezat*, for defendants in error.—By this action of ejectment, the plaintiff does not seek to recover purchase-money stipulated for in the agreement. He admits there is no part of the residue, $3500, of the purchase-money due, but he attempts to collect interest alleged to be due on the balance of the purchase-money. This certainly cannot be done in this action. Ejectment lies to enforce the specific performance of such a contract, to compel the vendee to pay any purchase-money due: Gause *v.* Wiley, 4 S. & R. 528. But if there is any interest due on the $3500, it is no part of the purchase-money; it "is a compensation for the detention or use of money:" Stokely *v.* Thompson, 10 Casey 211. It was not charged on the land as the purchase-money was, and had the court submitted the question to the jury, it must have found that no purchase-money was due. If there was any interest due on the last instalment, the plaintiff had a remedy, and he should have pursued it.

The Bank *v.* Chester, and Hummel *v.* Brown, cited by the plaintiff, do not sustain his position. Neither was an action of ejectment to compel the payment of interest on purchase-money of real estate.

Mr. Justice GREEN delivered the opinion of the court, November 26th 1880.

There was no necessity for the introduction of parol testimony to explain the meaning of the contract between these parties. We are very clear that by its express terms the interest on the deferred payment was to be paid annually. If we do not give it this meaning we practically reject the word "annually," from the contract. The interest would be payable at the end of the seven years without that word. Hence, if the contention of the defendants is correct, we would have to hold the word a meaningless surplusage. We have no right to do that. Moreover the word is an adverb. It cannot qualify the payment of the principal sum because that is expressly payable *in solido* at the end of seven years, unless the purchaser chooses to pay at an earlier date. It can, therefore, only qualify the payment of the interest. But the learned court below held that although the interest was payable annually, ejectment would not lie on the articles for its non payment. No authority is cited, nor is any reason given in the charge for that opinion, but we presume it must have been founded upon the idea that interest is no part of the purchase-money, and hence, would not come within the rule which allows a vendor under articles to enforce the payment of the purchase-money by action of ejectment. The distinct question does not appear to have been ruled in any direct decision of this court, but the relation which accruing interest

[Moyer v. Garrett.]

bears to the principal sum on which it is payable has been well established, and in such a manner as removes all difficulty from this case. Prior to the case of Bank v. Chester, 1 Jones 282, it had been determined that a sale of mortgaged premises on a judgment against the mortgagor for a single instalment of the mortgage debt has the same effect as a sale on a judgment for the entire mortgage debt, and the lien of the mortgage was divested although the sale was made upon a junior judgment on a bond given for the payment of the instalment only. The question at issue in Bank v. Chester is thus stated by the eminent judge of the Common Pleas, whose opinion was adopted by this court. "But this brings us only one step nearer to the question before us. The cases of Donley v. Hays, 17 S. & R. 400, and Cronister v. Weise, 8 Watts 215, were sales for instalments of the *principal debt*. Is the law the same where the sale is for the *interest* due upon part of the principal debt? It must be so, for the instalment on which the mortgaged premises were sold in Cronister v. Weise, *supra*, was not more truly a part of the mortgage debt than was the interest for which the mortgaged premises were sold in this instance. Debt is the creature of contract; and a mortgage is a contract. * * * The certificates of loan issued by the railroad company stipulate for the payment of interest as expressly as for the payment of principal. The rate *per centum*, and the days of payment, are specifically mentioned. In the mortgage, which is only another security for the same debt, the parties stipulate for the payment of interest ' pursuant to the terms set forth in the said certificates respectively.' They contemplated an increase of the debt with lapse of time, and though the profits of the railroad were pledged for the payment of interest, yet, these failing, they made their securities expansive enough to embrace the increase. * * * But here the interest sued for by Mr. Chester cannot be regarded merely as a legal *incident* of the mortgage debt, but as part of that debt, differing only from the principal in its inability to carry interest." Upon referring to the certificate of indebtedness of which the foregoing language was predicated, we find it was a promise to pay " $1000, with six per cent. interest per annum, payable on the first days of January and July of each year, being part of a loan of $150,000, for the payment of which the real estate and certain effects of said company have been pledged by indenture of mortgage dated on the 24th day of September A. D. 1839." It will thus be seen that the pledge of the lands for the payment of the interest was a conclusion derived from the language of the certificate, which promised to pay the amount of the certificate *with* interest. It was this form of expression alone which made the interest a part of the principal. How is it in the case at bar? The agreement provides, " and the balance of three thousand five hundred to be paid within seven years from first day of April 1878,

[Moyer *v.* Garrett.]

*with* interest at the rate of six per cent. annually." In other words, the debt to be paid is the principal sum with interest added to it. The debt, therefore, which is secured by the articles, is the principal sum increased by the interest upon it. The payment of interest is as much stipulated for as is the payment of principal. It was held in Bank *v.* Chester, *supra*, that a sale of the mortgaged premises under a judgment obtained for arrears of interest due upon the certificates of indebtedness whose payment was secured by the mortgage, divested the lien of the mortgage, extinguished the equity of redemption and transferred the legal title of the mortgagor ; and further, that the holders of the certificates were entitled, out of the money realized by the sale, to the principal and interest due them, with the same effect as if the sale had taken place under proceedings on the mortgage. We see no reason why the same doctrine should not be applied to the present case. In the former case the mortgage was a security for the payment of the debt with interest. In the present instance the articles of agreement are treated as a security for the payment of the purchase-money with interest. The interest is a part of the purchase-money, and the remedy for the recovery of the purchase-money necessarily includes the recovery of the interest. The same doctrine as to the incorporation of interest with principal was held in Hummel *v.* Brown, 12 Harris 313, where we said : " In such cases, where the terms of the obligation comprehend interest, it is inaccurate to say that interest is added by way of damages ; for it is a substantive part of the debt as much as the principal is, and is subject to the same remedies." It is the familiar law of Pennsylvania that the vendor of land by articles of agreement, who has not parted with his legal title, may enforce the payment of unpaid purchase-money by means of an action of ejectment. That is one of his remedies. Being a remedy for the recovery of principal it is also a remedy for the recovery of interest, which has been made a part of the principal by the agreement of the parties. The plaintiff in this case was therefore entitled to a verdict and judgment in this action, if, in point of fact, the interest due was unpaid, and the learned judge was in error in taking the case from the jury and directing a verdict for the defendant.

Judgment reversed, and *venire de novo* awarded.