# Riel, Appellant *v.* Gannon.

*Equity—Equitable ejectment—Specific performance.*

A bill in equity is the proper proceeding on part of defendant in an equitable ejectment to compel performance by plaintiff of a condition of the verdict requiring a conveyance of the legal title.

A person who takes a conveyance of the legal title to land with knowledge that his grantor has agreed to sell it to another person, takes it subject to the equitable estate already vested in the purchasers.

In such a case the grantee of the legal title may maintain ejectment against the purchaser in possession to recover either the possession or the balance of the purchase money, and such an ejectment is an equitable one.

Argued Feb. 21, 1894.    Appeal, No. 361, Jan. T., 1894, by plaintiff, Mary Riel, from decree of C. P. Lackawanna Co., April T., 1893, No. 2, in equity, dismissing bill against defendant, James Gannon.    Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.·   Reversed.

Bill in equity to compel execution of deed.

The facts appear by the opinion of the Supreme Court.

The case was referred to George S. Horn, Esq., as master and examiner, who reported a decree in favor of plaintiff.

Exceptions to the master's report were sustained by the court in an opinion by GUNSTER, J., and a decree entered dismissing the bill.

*Error assigned* was above decree.

*Thomas F. Wells, Charles R. Pitcher* with him, for appellant.

The parties hereto and to said ejectment are the successors in title to William Sweetland and Margaret Gannon, the original vendor and vendee, by regular conveyance; but they are subject to the same duties and have the same rights as their respective predecessors in title: McMullen v. Wenner, 16 S. & R. 18; Wilson v. Stoxe, 10 Watts, 434.

The court below conceded that there was no adequate remedy by rule, or otherwise, on the side of the court where the ejectment was tried, to grant the relief asked for in the bill. This has been decided by this court also: Treftz v. King, 74 Pa. 350; Trust Co. v. Shallcross, 147 Pa. 485.

The ejectment was an equitable one. No conditional verdict is required in a legal ejectment: Taylor v. Abbott, 41 Pa. 352. The clause in regard to time related to conditional verdicts for purchase money: Act of April 21, 1846, P. L. 424; Harmar v. Holton, 25 Pa. 245; Lykens v. Tower, 27 Pa. 462. It is a presupposed duty on part of plaintiff in an equitable ejectment to bring a deed into court at the trial, and the court would stay execution until he does: Hall v. Holmes, 4 Pa. 251; Winton's Ap., 97 Pa. 385; 1 Greenl. Ev. 26.

Ejectment in Pennsylvania is a substitute for a bill in equity: Eberly v. Lehman, 100 Pa. 542; Peebles v. Reading, 8 S. & R. 484; Peterman v. Huling, 31 Pa. 432. When brought to enforce a specific performance of a purchase it is subject to all the considerations that would affect a bill for that purpose in the contemplation of a chancellor: Brawdy v. Brawdy, 7 Pa. 157. The verdict in an equitable ejectment has all the conclusive effects of a final decree in equity: Peterman v. Huling, 31 Pa. 432. One verdict and judgment in an ejectment brought to compel the specific performance of an agree-

ment for the purchase or sale of land is conclusive between the parties: Seitzinger v. Ridgway, 9 Watts, 496; Peterman v. Huling, 31 Pa. 432; Trust Co. v. Shallcross, 147 Pa. 485.

The powers of equity laid hold of this controversy at its inception in equitable form, and will not drop it until every matter has been decided: Morss's Ap., 97 Pa. 396.

The fact that the condition did not say that James Gannon should execute a deed in so many words, does not affect the verdict. It may be rendered certain by further investigation by the court: Henry v. Raiman, 25 Pa. 354; Harmar v. Holton, 25 Pa. 245; Connolly v. Miller, 95 Pa. 513.

Admissions in judicio which have been solemnly made in the course of judicial proceedings, as a substitute for proof of a fact, amount to a conclusive presumption: 1 Greenl. Ev. 38.

*W. H. Stanton*, for appellee.—There is no evidence at all to show why the conditional verdict was rendered.

It is decided in Trust Co. v. Shallcross, 147 Pa. 485, that where the record in an equitable ejectment is so general that it does not show what particular matters were litigated, it is competent to show by extrinsic evidence what those matters were.

It is also decided in Taylor v. Abbott, 41 Pa. 352, that "an uncertainty in the condition does not avoid the judgment, for it may be rendered certain by investigation on the equity side of the court."

The appellee offered evidence before the master that, in the judgment of the court below, "tended to show that on the trial he [James Gannon] claimed to be the owner of the land in fee." This evidence was, on objection of appellant, excluded by the master. Appellant offered no evidence to show what particular matters were litigated in the ejectment suit.

In Connolly v. Miller, 95 Pa. 513, the principle is enunciated that the verdict must be in such form as to receive the approval of the court.

OPINION BY MR. JUSTICE DEAN, April 30, 1894:

The plaintiff filed a bill in equity against defendant, to compel a conveyance to her of the legal title to Lot No. 88 in the Fourth ward of the city of Scranton. Both the legal and

equitable title had been vested in one William Sweetland, who contracted to sell and convey it to Margaret Gannon for the consideration of $250. The purchaser paid to Sweetland all the purchase money except $28.71, but received no deed. James Gannon, her son, paid to him this small balance, and took a conveyance in his own name. Afterwards, he brought · ejectment on this legal title against Thomas Riel and Patrick Gannon, who were in possession under Margaret Gannon, the purchaser from Sweetland. Before the cause came on for trial, the whole equitable estate of Margaret Gannon became vested in Mary Riel, her daughter. On the trial the jury found a conditional verdict in favor of plaintiff, James Gannon, and that there was due and unpaid to him of the purchase money $28.71, with interest from January 19, 1887, which sum they further found should be paid by the defendant with costs into court on or before the 1st of April, 1887, to be taken out by plaintiff on filing a deed to defendant in fee simple.

On March 29, 1887, the defendant paid into court the balance of purchase money and costs, as specified in the verdict. But James Gannon did not take the money out of court, and refused to file a deed. Thereupon this bill was brought to compel performance of the condition on his part. Defendant made answer, denying the jurisdiction of a court of equity to enforce the conditions of the verdict; alleging the verdict left it optional with him to file the deed, and further denying that the ejectment was an equitable one. The issue was referred to George S. Horn, Esq., as master, who, after hearing, reported on both facts and law for plaintiff, and suggested a decree in her favor. Exceptions being filed to his report by defendant, they were sustained by the learned judge of the court below, and from his decree comes this appeal.

The master's report was set aside, because : (1) There was no sufficient evidence to sustain his finding that the suit resulting in the conditional verdict was an equitable ejectment. (2) The court being of opinion it was optional with defendant to file the deed required by the verdict, equity was without jurisdiction to compel a delivery.

The finding of the master that the ejectment was an equitable one is based mainly on the verdict itself. The verdict is : " Now, to wit, 19th January, 1887, the jury find in favor of

plaintiff for the land described in the writ in this case, the verdict to be set aside and entered for the defendant upon condition that the defendant pay the sum of $28.71 on or before the 1st day of April, 1887, with interest from this date, with costs of suit, into the hands of the prothonotary of the court of common pleas of this county for the use of the plaintiff in this suit, said amount being the balance due on a contract made by William Sweetland to Margaret Williams, at the time the legal title was conveyed to plaintiff in this case, said sum of money to be drawn out after the said plaintiff shall have filed with the prothonotary a good and sufficient deed in fee simple to Mary Riel, her heirs and assigns, the defendant in this case, said deed to be drawn out by said Mary Riel after payment of said money as aforesaid."

It appeared that, by a mere clerical error, the name of Margaret Williams was inserted in the verdict by mistake for Margaret Gannon. By agreement of counsel at trial of the ejectment, it was admitted that an agreement for the sale of the lot between William Sweetland and Margaret Gannon, the mother of defendant, was lost; the death of Patrick Gannon was suggested, and, also by agreement of counsel, Mary Riel was substituted as defendant.

An equitable ejectment in this state is a substitute for a bill in chancery to enforce specific performance of a contract for the sale of land. This verdict finds the amount of purchase money due on the contract between Sweetland and Margaret Gannon, this defendant's predecessor in the possession; that James Gannon is the holder of the legal title; that Mary Riel is in possession; that she has a right to the possession, as against this plaintiff, on payment to the owner of the legal title, on or before the 1st of April following, the balance of the purchase money due Sweetland, and that on payment of this amount she has a right to the conveyance by plaintiff of the legal title. If a chancellor, after full hearing on bill and answer, had made a decree for specific performance, this verdict embodies every material part of such decree. The judge of the common pleas, who presided at the trial of the ejectment, sat as a chancellor, with a jury to aid him in finding disputed facts. Their finding was moulded into this verdict under his supervision. It has every essential element of a verdict in an equitable ejectment,

to enforce, at the suit of a vendor, specific performance of a contract for the sale of this lot. Judgment was entered on it, which has stood unappealed from since March 29, 1887, nearly seven years. The findings of fact set out in the verdict must be taken as established, and the conclusion to be drawn from them necessarily is, that the suit was an equitable ejectment, and that the verdict is the equivalent of a chancellor's decree for specific performance. The record of the common pleas was ample to warrant the conclusion of the master as to the nature of the proceeding.

It is urged by appellee that plaintiff claimed and recovered on his legal title, and there is nothing to show that he had any contract with Mary Riel. Certainly, as appellee argues, he stood on his legal title; every vendor of land who has contracted to convey and who seeks to enforce his contract against a purchaser in possession must do so, or he has no standing at all. Nor is it necessary that one claiming the equitable title must show himself an immediate party to the contract of sale; he may establish his right to possession by showing the equitable estate of the first purchaser has become vested in him. The argument of appellee, that he never made a contract with the defendant for the sale of the lot, is without force. There is no allegation that he did. The plaintiff avers substantially, by setting out the verdict in her bill, that the contract was made by her predecessor in estate with William Sweetland, the man from whom, after the possession had passed, plaintiff took the legal title. This being the fact, when he took in his own name the deed for his mother's land, he took it subject to the equitable estate already vested in the purchaser. He had the right to use it to enforce payment of the balance of purchase money. He did so use it, and the money has been paid into court. While in his answer to the bill, appellee denies any contract with Mary Riel, he does not deny Sweetland's contract with Margaret Gannon for the lot, and that Mary Riel held under this contract. Therefore, he stands in just the position in which Sweetland would have stood, had he been plaintiff in the ejectment.

As to the jurisdiction of a court of equity to compel the execution of a deed which was made one of the conditions of a judgment in an equitable ejectment, Trefts v. King, 74 Pa. 350,

ought to have set that question at rest.  Before that case, the common law courts had almost uniformly followed the practice of enforcing the condition by order on the plaintiff.  But as in Treftz v. King, often, there were verdicts so general in their terms that the nature of the proceeding was not disclosed, and parol proof of the matters in issue was necessary to establish that the suit was a substitute for a bill in equity.  As a second ejectment would not lie, if the first were an equitable one, it was but justice to the holder of the legal title, before compelling him to execute a conveyance of it, that he should have his case reviewed; hence it was decided that a mere order at the foot of a rule on him to show cause was not enforceable on the law side of the court.  While that side of the court can turn the equitable owner out of possession if he do not comply with the conditions, it cannot compel the owner of the legal title to perform the condition on his part, the execution and delivery of a deed.  There is no lack of explicitness in the language of Justice SHARSWOOD in Treftz v. King.  He says: " The plaintiff below, if entitled to the possession of the title papers, and to a conveyance of the legal title, is not without remedy.  He may file a bill in equity for that purpose."  As the learned court below seemed to think this was not the point decided in that case, because not necessarily raised by the issue before the court, we can only say that it is raised here, and we decide that a bill in equity is the proper proceeding on part of defendant in an equitable ejectment to compel performance by plaintiff of a condition of the verdict requiring a conveyance of the legal title.

Therefore, as in this case, the verdict itself was sufficient to warrant the finding of the master that the suit was an equitable ejectment by plaintiff to enforce specific performance, and as equity had undoubted jurisdiction to make and enforce as against the vendor the conveyance of the legal title, the appeal is sustained.  The decree of the court below sustaining exceptions to and setting aside report of master is reversed.  The master's report is approved, and his suggestion for a decree is adopted by this court.  It is directed that, the record be remitted to the court below, that this order and judgment may be carried into effect.  It is further ordered that appellee pay the costs of this appeal and the costs in the court below.