# Manzer, Appellant, *v.* Wycoff and Wycoff.

*Real estate—Sales—Deceased vendor—Action for purchase money against vendee in possession—Fiduciaries Act—Jurisdiction of the orphans' court.*

Since the passage of the Act of June 7, 1917, P. L. 447, (Fiduciaries Act) an executor of a deceased vendor of land, under written articles of sale, may not institute an action of equitable ejectment against the vendee in possession, to enforce payment of the purchase money. His remedy is now exclusively by petition in the orphans' court.

The act applies to all cases where either the vendor or vendee is dead. If the vendor is dead enforcement of the contract, so far as his estate is concerned, can only mean payment to his personal representatives of the purchase money or any balance remaining due, and authorization, upon such payment, to execute and deliver a deed for the land. By the sale, as respects the vendor, the land is converted into personalty and upon his death before conveyance, becomes assets in the hands of his personal representative.

The jurisdiction of the orphans' court is exclusive and neither a common law court nor a chancellor has jurisdiction in such cases.


Argued March 6, 1922.    Appeal, No. 27, March T., 1922, by plaintiff, from judgment of C. P. Susquehanna Co., Aug. T., 1921, quashing writ in ejectment in the case of Henry F. Manzer, Executor and Trustee of Wm. M. Post Estate, v. Charles Wycoff and Lucretia Wycoff.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.    Affirmed.


Action in ejectment by an executor of a vendor to enforce specific performance on a written contract for the sale of real estate.    Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The court quashed the writ.    Plaintiff appealed.

*Error assigned* was the order of the court.

*R. W. Archbald,* and with him *H. A. Denney* and *D. T. Brewster,* for appellant.

*J. Q. Creveling,* and with him *Edson W. Safford,* for appellee.

Opinion by Keller, J., April 17, 1922:

The Fiduciaries Act of June 7, 1917, P. L. 447, provides, inter alia, that where any person shall have by contract in writing, agreed to sell and convey any real estate in this Commonwealth, and died seized or possessed thereof; or where any person shall have purchased, in writing, any real estate in this Commonwealth, and died without paying the purchase money therefor; it shall be lawful in all such cases for the executor or administrator of the deceased vendor, or for the vendor when the purchaser may have died, or for the purchaser of such real estate, or when he has died, for his executor or administrator, or for any other person interested in such contract, to petition the orphans' court having jurisdiction of the accounts of the executor or administrator of the deceased vendor or of the deceased purchaser as the case may be, setting forth the facts of the case; and if the facts be sufficient in equity and no cause be shown to the contrary, the said court shall have power, after notice to the parties interested, to decree specific performance of such contract according to the true intent and meaning thereof [section 18(a)]. It also provides: "The aforesaid remedy by petition to the orphans' court shall hereafter be exclusive" [section 18(b)].

This appeal raises the question whether since the approval of that act the executor of a deceased vendor of land, under written articles of sale, may institute an action in ejectment against the vendee in possession to enforce payment of the purchase money, or whether his remedy is exclusively by petition in the orphans' court.

The act, in terms, applies to all cases where either the vendor or vendee is dead. If the vendor is dead, enforce-

ment of the contract, so far as his estate is concerned, can only mean payment to his personal representatives of the purchase money or any balance remaining due, and authorization, upon such payment, to execute and deliver a deed for the land. By the sale, as respects the vendor, the land is converted into personalty and upon his death before conveyance, becomes assets in the hands of his personal representative: Leiper's App., 35 Pa. 420; Thompson v. Adams, 55 Pa. 479, 483. He holds the legal title only as security for the debt: Bender v. Luckenbach, 162 Pa. 18, 22; Thompson v. Carpenter, 4 Pa. 132. And "a judgment recovered against a vendor, after he has articled for a sale of his land, binds but his legal title, and such beneficial interest as may remain in him, measured by the amount of the unpaid purchase money": Garrard v. Lantz, 12 Pa. 186, 193. The only interest of the vendor, or, in case of his death, of his estate, in the specific performance of the contract, is the payment of the unpaid purchase money; indeed, specific performance, as respects the vendor's estate, can have no other end or object in view; and this can be accomplished more satisfactorily and conveniently in the orphans' court than in any other forum: Holliday v. Ward, 19 Pa. 485, 491; for in one proceeding that court can determine the amount, if any, due and unpaid, and order the executor to convey the real estate: Blair's Est., 148 Pa. 582; Mussleman's App., 65 Pa. 480; while the common pleas would have no power to order a conveyance: Treftz et al. v. King et al., 74 Pa. 350; Riel v. Gannon, 161 Pa. 289, 295; or make any compulsory order if it turned out that the purchase money had been paid in full: Winpenny v. Winpenny, 92 Pa. 440, 443.

The use of the action in ejectment as a means of enforcing specific performance of a contract for the conveyance of lands is confined to Pennsylvania. It was adopted before courts of equity were established in this State, under our policy of administering equity under common law forms, and is a substitute for a bill for specific performance. By this means a vendee, under

written articles of sale of lands, is permitted to enforce his contract by securing a verdict for their possession, conditioned on his payment of the purchase money fixed in said articles: Hawn v. Norris and Brown, 4 Binney 77; Henderson v. Hays, 2 Watts 148, 150; and it is known as "equitable ejectment": Jones v. Maffet, 5 S. & R. 523; Riel v. Gannon, supra, 293; and this form of remedy, as a means of compelling specific performance was not abrogated by the statutory grant of equity powers to the courts of common pleas: Corson v. Mulvany, 49 Pa. 88. Correlatively, the action of ejectment is also used by a vendor of land against his vendee in possession to enforce payment of the purchase money due on an executory agreement for the sale of land: Marlin v. Willink, 7 S. & R. 297; Brown v. Devitt, 131 Pa. 455, 465; Moyer v. Garrett, 96 Pa. 376, 380. This is also commonly called "equitable ejectment": Eichelberger v. Gitt, 104 Pa. 64; 39 Cyc. 1994, note 60; and is likewise in the nature of a bill for specific execution: Marlin v. Willink, supra, p. 298; Riel v. Gannon, 161 Pa. 289. In both forms of equitable ejectment the courts proceed upon equity principles: Kensinger v. Smith, 94 Pa. 384, 388; Piersol v. Neill, 63 Pa. 420; Webster v. Webster, 53 Pa. 161, 164. The action is regarded as a bill in equity and not as a possessory action: Peterman v. Huling, 31 Pa. 432; Winpenny v. Winpenny, 92 Pa. 440.

Upon the passage of the Act of February 24, 1834, P. L. 70, investing the orphans' court with full authority to make and enforce a decree of specific performance of a contract for the sale of land, made by a vendor who afterwards died, it was held that the exclusive remedy of the vendee thereafter, in such case, was in the orphans' court and that ejectment would not lie: Myers v. Black, 17 Pa. 193; Porter v. Dougherty, 25 Pa. 405; and in Gable v. Whiteside, 242 Pa. 188, it was held that this also excluded the jurisdiction of equity, the court saying, by Mr. Justice MESTREZAT: "It is clear, therefore, that the orphans' court has jurisdiction to enforce the con-

tract of a decedent for the sale and conveyance of real estate in this State. It is settled by repeated decisions of this court that the jurisdiction of the orphans' court is exclusive, and that neither a common law court nor a chancellor has jurisdiction in such cases" (p. 193); and "the only court having jurisdiction in this Commonwealth to enforce that contract on the application of either party is the orphans' court" (p. 194).

The present action was brought to enforce payment of the purchase money stipulated in the contract of sale with Mrs. Wycoff, and is not strictly a possessory action. This appears on the face of the plaintiff's declaration. He declared upon the contract of sale and recited it at length, set forth how much of the purchase money had been paid the decedent in his lifetime; how much had been received by his executors on account thereof since his death, thereby admitting the force and validity of said contract. He admitted that defendants claimed to have paid said decedent in his lifetime additional sums on account of said contract, but rejected the evidence thereof as having been erased or tampered with; and in his affidavit thereto he denominated the action as "equitable ejectment." It is evident that whatever the form employed, the action was instituted to enforce payment of the balance alleged to be due the decedent's estate under the contract and was therefore not really a possessory action but rather in the nature of proceedings to enforce the contract of sale.

The authority of an executor or administrator of a decedent to sustain such an action was given by section 5 of the Act of April 9, 1849, P. L. 524, 526, which provided: "That in all actions of ejectment now pending, or which may hereafter be brought, when the object is to enforce the payment of purchase money due and owing on land contracts, it shall and may be lawful for the executors or administrators of the deceased creditor, to sustain the same in their own names, to the same extent and in like manner as the testator or intestate if living

could." It is clear that the right of the executor or administrator in such circumstances to bring or maintain such action rests on this act. "The executor or administrator having a right to sue for and receive the purchase money, the legislature added the remedy against the land to make his pursuit more effective": Thompson v. Adams, supra, p. 483; Bender v. Luckenbach, supra, p. 23. Now, section 5 of the Act of April 9, 1849, is expressly and absolutely repealed by the Fiduciaries Act of 1917, see page 540, and since that act there is no longer authority for an action of ejectment by the executor or administrator of a deceased vendor of land to enforce payment of the purchase money due on land contracts. It was probably repealed in harmony with the intention to make the proceedings in the orphans' court in such cases exclusive.

The appellant, however, contends that the authority is supplied by section 28 (a) of the Fiduciaries Act, which provides that "the executors of the last will and testament of any decedent, to whom is given thereby a naked authority only to sell real estate, shall take and hold the same interests therein, and have the same power and authorities over, such estate, for all purposes of sale and conveyance, and also of remedy by entry, by action or otherwise, as if the same had been thereby devised to them to be sold, saving always to every testator the right to direct otherwise." This is a reënactment, almost verbatim, of section 13 of the Act of February 24, 1834, supra, and refers to real estate which the testator held as land and not to such as he held only the legal title to as security for the payment of the purchase money under a contract of sale. The former would go as real estate to his heirs, the latter as personal property to his personal representatives. An executor may bring a possessory action of ejectment to recover lands devised to him as such, and under the above provision he may do the same to recover actual possession of lands as to which he is given only a naked authority to sell. But those are

real possessory actions of ejectment: Kirk v. Carr, 54 Pa. 285; Chew's Exor. v. Chew, 28 Pa. 17; not actions of equitable ejectment to enforce payment of purchase money, such as this one.

Had the plaintiff denied the legal sufficiency or validity of the contract with Mrs. Wycoff, and sought to recover back possession of the land his remedy would have been a strictly possessory action of ejectment, (which before the Act of May 8, 1901, P. L. 142, required two verdicts and judgment thereon to be conclusive as distinguished from an equitable ejectment, which required only one: Seitzinger v. Ridgway, 9 Watts 496); the defendant, in such case, who relied on an equitable title was bound to set it up as a defense in the action and could not, if the verdict was adverse, seek relief by proceedings for specific performance in the orphans' court: Dutton's Est., 208 Pa. 350; see also Brown et al. v. Bailey et al., 159 Pa. 121. The case of Shaw et al., Exors., v. Cornman et ux., 271 Pa. 260, cited by appellant, was such an action of possessory or common law ejectment, as distinguished from equitable ejectment. They brought their action to recover the land from the defendants. The latter set up their equitable title under agreement with the plaintiffs' testator. The plaintiffs demurred on the ground that the alleged agreement of sale was not a valid enforceable contract. They denied that there was any equitable title in the defendants, and as the holders of the complete title to the land sued to recover its possession. Here the plaintiff affirmed the equitable title to be in the defendants but declared on the legal title of his testator to enforce the payment of the purchase money and for the purpose of executing the provisions of the contract.

We find no merit in appellant's contention that the Fiduciaries Act, so construed, violates article I, section 6, of our Constitution, which provides that "Trial by jury shall be as heretofore and the right thereof remain inviolate." This is a verbatim adoption of the same provision in the Constitutions of 1790 and 1838, article IX,

section 6. It has no reference to equitable questions or matters properly cognizable in equity: Fleming's Est., 265 Pa. 399, 407, 408, and dissenting opinion of Judge SIMPSON to same effect, pp. 417, 418; and see luminous exposition of Judge HENDERSON in W. Va. Pulp & Paper Co. v. P. S. C., 61 Pa. Superior Ct. 555, 568. As hereinbefore pointed out, the action of equitable ejectment is a substitute for a bill in equity and is to be decided on equitable principles. See also Gause v. Wiley, 4 S. & R. 509, 528. Furthermore, if the right of a vendee under articles to bring equitable ejectment could be impliedly revoked by the Act of February 24, 1834 (see 17 Pa. 193; 242 Pa. 188), we see no reason why the right of the vendor to do the same thing cannot be expressly repealed or rescinded by the Fiduciaries Act of 1917.

We are of opinion that the question was rightly decided by the learned judge of the court below, and the judgment is accordingly affirmed.