## Schnebly's Estate.

*Wills—Construction—Vested and contingent estates.*

Testatrix by will gave her estate to her executor in trust to pay one-half the income to her husband during his life, and the other half to her son, further providing: "From and after the death of my beloved husband all of said trust estate to go to my said son, Daniel Hoke; but if my said son, Daniel, should die without leaving issue living at the time of his death, then subject to the life interest in the income payable to my husband I give, devise and bequeath the said residuary estate to my nephews and nieces, the children of my sisters including those of my half sisters and should any of my nephews and nieces be dead, leaving children surviving them such child or children shall take its deceased parent's share." The son died in the lifetime of the father, but after the death of the testatrix. The Orphans' Court held (1) that the interest of the son in the corpus of the estate was contingent upon his surviving his father and that upon his death, in the lifetime of his father, it vested in the nephews and nieces of the testatrix, subject to the life estate of the father; (2) that after the death of the son, the husband was entitled to the entire income during his life. *Held,* no error.

Argued March 9, 1915. Appeals, Nos. 76 and 80, Jan. T., 1915, by Charles A. Eberly and Henry Spangler, Administrators, from the decree of O. C. Franklin Co., dis-

missing exceptions to auditor's report in Estate of Harriet M. Schnebly, deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Appeal dismissed.

Exceptions to the report of I. C. Elder, Esq., Auditor.

The court passed upon the exceptions in an opinion by GILLAN, P. J., as follows:

Harriet M. Schnebly died at Mercersburg, December 8, 1888. She left to survive her her husband, Andrew R. Schnebly, and one child, to-wit: a son, Daniel Hoke Schnebly. She died the owner of some personal estate and also seized in a number of pieces of real estate in this county as well as real estate situate in Washington County, Maryland. She left a will dated 18th of April, 1887, by which, after making a few minor bequests, she provides as follows:

"All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to my executor in trust for the following uses:

"1st. To pay one-half the income thereof to my beloved husband for and during the term of his natural life, and the other half to my beloved son, Daniel Hoke.

"2d. From and after the death of my beloved husband all of said trust estate to go to my said son, Daniel Hoke; but if my said son, Daniel, should die without leaving issue living at the time of his death, then subject to the life interest in the income payable to my husband I give, devise and bequeath the said residuary estate to my nephews and nieces, the children of my sisters including those of my half sisters and should any of my nephews and nieces be dead, leaving children surviving them such child or children shall take its deceased parent's share.

"Item: I authorize and empower my executor hereinafter named to sell any part of my estate, real and personal, at any time when he may think it to the best interests of my estate and convey the same in fee simple but the proceeds shall be reinvested in good real estate

securities on like trusts. I do not wish, however, any of the mountain land sold as long as the farm remains part of my estate.

"Item: I nominate and appoint my husband, Andrew R. Schnebly, executor of this my last will and testament."

Daniel Hoke Schnebly, the son, died during the lifetime of the father, to wit: 30th October, 1899, intestate, unmarried and without issue. Andrew R. Schnebly died June 11, 1913, testate.

It is contended on the part of the administrator of the estate of Daniel Hoke Schnebly, deceased, and on the part of the executor of the will of Andrew R. Schnebly, deceased, that the estate of Harriet M. Schnebly vested at her death in Daniel Hoke, subject to the life interest of Andrew R. Schnebly and at the death of Daniel Hoke Schnebly the same descended to and vested in fee in Andrew R. Schnebly as heir at law of said Daniel Hoke Schnebly. On the other hand it is contended that on the death of Daniel Hoke Schnebly in the lifetime of Andrew R. Schnebly leaving no issue living, that the estate vested in the nephews and nieces of Harriet M. Schnebly, the testatrix, subject to the life estate in one-half in Andrew R. Schnebly. It seems to us that the intention of testatrix is not difficult to ascertain. When we have once ascertained that intention it must control the distribution of the estate unless such intention is in contravention of some unbending rule of law.

In the first place the whole estate is given in trust to Andrew R. Schnebly to pay one half the income to himself during life and to pay the other half of the income to Daniel Hoke Schnebly, the son. The language used is plain and unambiguous. After the death of her husband, if the son be living, the whole estate to go to the son. Anticipating that Daniel might die during the life of his father she provides that if Daniel should die without leaving issue living at the time of his death, then subject to the life interest of the husband, the same

to go to her nephews and nieces. In other words, I give my estate in trust to my husband during his life. If Daniel survive him, then to the said Daniel. If Daniel die during the lifetime of my husband leaving no living issue then the estate to go to my nephews and nieces. It is apparent, it seems to us, from the language of the will that the testatrix, when she used the words, "but if my son, Daniel, should die without leaving issue living at the time of his death then subject to the life interest in income payable to my husband" meant die during the lifetime of Andrew R. Schnebly and not during the lifetime of the testatrix.

This same will and this same question was raised in Washington County, Maryland, with reference to the real estate of testatrix situate in that county. It was there held that the real estate under the will vested in the nephews and nieces as the auditor has held here. The decree was appealed from, passed on by the Court of Appeals of Maryland and the decree of the Circuit Court affirmed. In that court the case was entitled Booth v. Eberly and is found reported in the Atlantic Reporter, Vol. XCI, p. 767. It seems to us we might well rest our judgment on the opinion as delivered by that court. There is, however, an abundance of authority found not only in the text books but in the Pennsylvania cases as well, for the conclusion reached by the auditor. It is true, as a general rule, that in case of an immediate gift with a bequest over in the event of the death of the first or preceding legatee the event of the death is referable to the lifetime of the testator. This is so however, only when the language of the will is such that there is no other point of time to which such dying may be referable. McCormick v. McElligott, 127 Pa. 230. Other authorities strengthening the conclusion held by the auditor are: Sharpless' Est., 209 Pa. 409; McAlpin's Est., 211 Pa. 26.

"The object of the construction of wills is to ascertain the intention expressed by the testator. The intention

sought is not that which by inference may be presumed to have existed in the mind of the testator but that which by the words used in the will he has expressed." Bond v. Moore, 236 Ill. 576.

By the will at bar testatrix has said, it seems to us in language too plain to be misunderstood, that she gives her estate to her husband in trust to pay over one-half the income thereof to her son, Daniel Hoke. In the event the said Daniel Hoke die during the lifetime of his father leaving no living issue then subject to the interest or devise of income to the husband the same to vest in the nephews and nieces. Without further elaboration and further discussion of technical rules it follows from the clearly expressed intention of the testatrix that the auditor was right in his construction of the will, in so far as the corpus of the estate is concerned. It does not follow, however, that the report of the auditor is to be confirmed. The nephews and nieces, as we have seen, take the estate in fee subject, however, to the rights of Andrew R. Schnebly during his life. When we look at the will it is apparent that the first object of the testatrix's bounty was her husband. She was anxious that he should be well provided for as long as he lived. The estate was principally real estate and if no will had been made the husband would have been entitled to the income during his life. She provides that the income shall be divided between the husband and the son. In anticipation of the son's death in the lifetime of the father she says "but if my said son Daniel should die without leaving issue living at the time of his death then subject to the life interest in the income payable to my husband." There is no intention anywhere in the will that the testatrix meant to hamper her husband in any way. She appointed him executor and gave him power to convey any and all real estate, taking only the precaution that he should preserve the fee in the residuary legatees. The presumption from all the surrounding circumstances as well as from the language of the paper itself

is that she meant that in the event of her son dying during the life of the father, the husband should have the whole income. The residuary legatees were scattered over the country. Some of them at Mercersburg but most of them in other parts. Daniel Hoke Schnebly died in 1899. From that time until after the death of Andrew R. Schnebly there is no evidence that any attempt was ever made or intimated that he should account for the income. Of course that of itself does not debar them from recovering now because if Andrew R. Schnebly is liable his estate cannot plead the bar of the statute. There is nothing to overcome the presumption raised by the language of the will. The testatrix never intended that he should be yearly compelled to account for these crops. That he should be, we are convinced, was an afterthought which came to the residuary legatees only after the old man was dead.

It follows that the auditor erred in surcharging the accountant with one-half of the income from the time of the death of Daniel until the death of Andrew R. Schnebly. He also erred in allowing him credit for expenditures on account of said real estate. Andrew R. Schnebly was entitled to the whole income and was liable for the expenses connected therewith.

Charles A. Eberly, Administrator d. b. n. c. t. a. of Harriet M. Schnebly, deceased, and Henry Spangler, Administrator of Daniel H. Schnebly, deceased, appealed.

*Error assigned* was the decree of the court.

*J. R. Ruthrauff*, of *Ruthrauff & Nicklas*, for Charles A. Eberly, Administrator, appellant.

*William S. Hoerner*, with him, *J. A. Mason*, for appellee.

*William S. Hoerner,* with him *J. A. Mason* and *H. H. Spangler,* for Henry Spangler, Administrator, appellant.

*J. R. Ruthrauff,* of *Ruthrauff & Nicklas,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, April 19, 1915:

The questions raised by these two appeals were properly passed upon by the learned court below in its opinion disposing of the exceptions to the report of the auditor. Nothing can be profitably added to the views expressed in that opinion, and, on it, each appeal is dismissed at the cost of the appellant. While no assignment questions the surcharge of $1,500, the difference between the actual value of the Mercersburg property and the price at which Andrew R. Schnebly undertook to sell it to his second wife, the court below will, upon proper application, direct it to be stricken out, in view of what appears in the opinion filed this day in Appeal of Hoffeditz, 249 Pa. 208.

Appeals dismissed.