## Fay's Estate.

*Specific performance—Sale of land—Parol agreement—Statute of frauds.*

The orphans' court will decree the specific performance of a parol contract against the estate of a deceased vendee who purchased at a definite price, and on specified terms, a tract of land sufficiently described, and valuable as a stone quarry, paid part of the purchase money, entered thereon, and from time to time quarried stone, the value of which cannot be readily ascertained.

Argued Oct. 27, 1905. Appeal, No. 115, Oct. T., 1905, by Mary Fay, Executrix, from decree of O. C. Allegheny Co., Feb. T., 1905, No. 249, for specific performance in Estate of John Fay, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for specific performance of a parol agreement to convey real estate.

MILLER, J., filed an opinion which was in part as follows:

On or about said 26th day of August 1901, John Fay, now deceased, he having died on October 21, 1903, entered into a parol agreement with Booth & Flinn, Limited, for the purchase of a property known as the Crescent street property, consisting of twenty-six lots for the sum or price of $3,250, payable as follows: $250, in cash and the balance with interest in equal monthly installments of $75.00, including the payment of taxes thereon. No time was fixed for the delivery of the deed.

In pursuance of this agreement, Fay on the following day paid Booth & Flinn, Limited, $250, the agreed cash payment, and entered into immediate possession of the land which is underlaid with a vein of stone, and continuously mined, quarried and took away large quantities of building stone therefrom. Said occupancy and quarrying operation continuing until the time of his death.

During this period Fay paid on account of the principal $773.41, on account of interest $257.37. He is charged with the taxes thereon paid by Booth & Flinn, Limited, amounting to $137.43, which charge under the contract, with the balance of the purchase money and the interest thereon, is due.

The land was known and spoken of by Fay and the vendor as the Crescent street property. It fronted on that street, which at this place is now the Grant boulevard, a portion thereof having been acquired by the city of Pittsburg in the construction of said boulevard; it was so occupied and used at the time the contract was entered into. Booth & Flinn, Limited, did not at that time and do not now have any other land on that street, or in that vicinity.

The land had a special value as a stone quarry, and as such has depreciated to the extent of a large amount of stone removed therefrom by Fay; the quantity of stone removed, and the market value thereof cannot now be readily ascertained, the property being left in a rough, caved-in and excavated condition.

Booth & Flinn, Limited, have not occupied or exercised any control over said lands since the date of the said contract, except the payment of taxes.

The prerequisites of the relief asked for by the petitioners, in respect to the contract, the parties, the consideration, and the subject-matter have been established by full, satisfactory and indubitable proof. The Crescent street property consisting of twenty-six lots and being all that the Booth & Flinn, Limited, had on that street, or in that vicinity, is a sufficient identification, when coupled with the fact that Fay went into possession and used the same until the time of his death. During that time he knew or was bound to know the dimensions of the property he purchased, and the extent, if any, to which a part of it had been used or taken for the Grant boulevard.

To show the subject of the contract with reasonable certainty is sufficient: "It is not necessary," Burns v. Sutherland, 7 Pa. 103, "that lines of separation should be actually run upon the ground, if from the agreement of the parties, and the distinct subsequent possession of the vendee, it is possible to ascertain the boundaries and quantity of the land sold, or . . . . the proof must be such as to direct how the surveyor may run it off from the rest of the vendor's land." Mr. Justice CLARK in Anderson v. Brinser, 129 Pa. 376, says, "a designation by lot number is available." Here, as in Henry v. Black, 210 Pa. 245, "the ground properly appurtenant can be ascertained by measurement to a certainty." For the purposes of this case

the land as described in the petition clearly contains all the Crescent street property contracted for by Fay.

By the Act of April 28, 1899, P. L. 157, which is an enlargement and amendment of the former acts relating to specific performance of decedent's contracts, this court is empowered to decree the specific performance of contracts according to the true intent and meaning thereof, inter alia, "whenever any parol contract shall have been entered into by any person for the conveyance of real estate within this commonwealth, and the purchaser shall have died without fully executing such contract . . . . and such parol contract may have been so far executed by possession, by improvements, or by partial payments of the purchase money that it would be against equity to rescind the same."

This contract was executed in part both by the delivery and taking of possession, by partial payments and receipts of purchase money. From the date this agreement was entered into and the first payment made, and possession thereof taken by Fay in the active mining, quarrying and taking away of stone, and so continued until his death, Booth & Flinn, Limited, ceased to have any control over, or rights therein, except as to the receipt of the purchase money ; they could not sell it, or otherwise dispose of it, or deliver possession thereof to anyone else, without incurring the penalty of a breach of contract.

But to take this case out of the statute of frauds and perjuries, it is not enough that the essential of contract, parties, consideration, subject-matter and part performance be clearly and indubitably proven ; but it must be shown that it would be unjust to rescind the contract : Moore v. Small, 19 Pa. 461 ; and also that the party aggrieved could not be compensated in damages : Derr v. Ackerman, 182 Pa. 591.

Unjust, however, to whom? Manifestly there can be no preference. The living vendors and the heirs of a deceased vendee are entitled to equal justice ; as between these two, Fay got all he contracted for; if he failed to pay the installments of consideration as agreed upon, his default was either assented to, or overlooked by the vendor ; but the latter did all the contract called for, and in pursuance thereof, gave up possession and permitted the vendee to depreciate the value thereof to the extent of the value of the stone removed, which value the

vendee received and converted to his own use. It would be unjust and inequitable to the vendor to rescind the contract, while its enforcement is not an injustice to the vendee's legatees and heirs, as it gives them what their ancestor bargained for.

The offer of the vendees to compensate the vendors in damages is not practical in the ascertainment thereof. Fay's purpose in acquiring this land was to mine and quarry the stone taken therefrom; that was his business; but what quantity was taken, where it was delivered, and what price was received therefor is a matter of conjecture; the evidences to ascertain the thickness and dimensions of the portion of the vein removed are not reasonably ascertainable, they would at best result in a mere guess.

This is not the case of Miller v. Zufall, 113 Pa. 317. The turning point there was whether a contract in fact existed, Chief Justice MERCUR speaking for the court saying, " Great doubt exists as to there having been any specific and material contract between Stutzman and the defendant for the sale and purchase of land, or whether there was a mere permission to cut an uncertain quantity of timber therefrom, or negotiations in regard to some sale at a future time." If the loss arising out of a breach of parol contract can be compensated in damages the case ordinarily is not taken out of the statute of frauds and perjuries; but says Mr. Justice STERRETT in Jamison v. Dimock, 95 Pa. 52, " While this may be true as to parol gifts of land . . . . it is not correct as applied to a case like the present which is claimed to be a parol sale for a money consideration fully paid according to the contract, possession taken and continuously held in pursuance thereof. There was no error, therefore, in refusing to hold that a parol contract of sale cannot be specifically enforced unless the vendee can show that he has made improvements for which he cannot be compensated in damages. There are undoubtedly cases in which the equities of vendees rest upon other equally available grounds."

The facts found and the conclusions of law reached indicate that specific performance of this contract should be enforced, and it will be so decreed.

*Error assigned* was the decree of the court.

*Charles W. Jones,* for appellant.

*Richard W. Martin,* with him *John S. Weller,* for appellee.

Per Curiam, January 2, 1906 :
Decree affirmed on the opinion of the court below.