## Gable *v.* Whiteside, Appellant.

*Equity—Equity jurisdiction—Orphans' Court—Act of April 28, 1899, P. L. 157—Contract for sale of realty—Enforcement—Option given by a decedent.*

1. The Orphans' Court has exclusive jurisdiction to enforce the contract of a decedent for the sale or conveyance of real estate in Pennsylvania, under the Act of April 28, 1899, P. L. 157; neither a common law court nor a chancellor has jurisdiction in such case.

2. Plaintiff leased certain premises for a term of years, and under the provisions of the lease had an option to purchase at a fixed price at any time during the term. After the death of the lessors, plaintiff notified the devisees of the property in question that he elected to exercise the option to purchase. The devisees refused to convey and plaintiff filed a bill in equity in the Court of Common Pleas to compel specific performance of the contract. The devisees' answer set up, inter alia, the lack of jurisdiction of the Common Pleas. The court decreed specific performance. *Held,* the bill should have been dismissed as the Common Pleas has no jurisdiction in such a case.

Argued May 27, 1913. Appeal, No. 33, May T., 1913, by defendants, from decree of C. P. Dauphin Co., Equity Docket, No. 465, granting specific performance of a contract for the sale of realty in case of Henry A. Gable v. George A. Whiteside, John E. Whiteside and Harry I.

Whiteside, and Harry I. Whiteside as Executor of George A. Whiteside, deceased, and Margaretta P. Whiteside, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Bill for specific performance of a contract for the sale of realty. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

The court made a decree awarding specific performance. Defendants appealed.

*Error assigned* was, inter alia, the decree of the court.

*C. L. Wolfe, Jr.,* of *Wolfe & Bailey,* for appellants.— The subject matter of this case is one of which the Orphans' Court has, by statute, been given sole and exclusive jurisdiction: Myers v. Black, 17 Pa. 193; Weller v. Weyand, 2 Grant 103; Barrett's Contract, 1 Lack. Jur. 89; Sorver v. Scholl, 1 Pa. D. R. 575; Smith's Est., 4 Kulp 173; Parker's Est., 6 Pa. D. R. 519; Cobb v. Burns, 61 Pa. 278; Fleeley's Petition, 7 Lack. Jur. 318; Witchley v. Moyer, 17 Pa. D. R. 612.

The contract containing the option was not signed by Mrs. Kate C. Whiteside, the widow of George A. Whiteside. Neither during his lifetime, nor after his death, could she have been compelled to join in a deed conveying her dower interest in the property: Reisz's App., 73 Pa. 485; Burk's App., 75 Pa. 141; Clark v. Seiner, 7 Watts 107; Corson v. Mulvany, 49 Pa. 88; Burk v. Serrill, 80 Pa. 413.

*Robert Snodgrass* and *Edwin W. Jackson,* for appellee, cited: Napier v. Darlington, 70 Pa. 64; Strickhouser v. York Co. Iron Co., 1 York 46; Barnes v. Rea, 219 Pa. 287; Knerr v. Bradley, 105 Pa. 190; Hughes v. Antill, 23 Pa. Superior Ct. 290; Smith's App., 69 Pa. 474; Grove v. Donaldson, 15 Pa. 128; Jones v. Sowers, 204 Pa. 329.

OPINION BY MR. JUSTICE MESTREZAT, June 27, 1913:

This is a bill in equity filed in the Common Pleas of Dauphin County by Henry A. Gable, the plaintiff, against George A., John E. and Harry I. Whiteside, praying for an injunction to restrain the defendants from encumbering or selling certain premises in the city of Harrisburg, and for a decree for specific performance of a contract made by George A. Whiteside and Margaretta P. Whiteside, the father and aunt of the defendants, both of whom died before the bill was filed, and for the execution and delivery of a deed conveying to the plaintiff "the said real estate and every part thereof free from all encumbrances."

The bill avers, inter alia, as follows: By a contract in writing dated April 23, 1901, George A. and Margaretta P. Whiteside leased the premises in question to the plaintiff for a term of five years from May 20, 1901, at an annual rental of five hundred and twenty-five dollars. The lease contained the following provision: "The said parties of the first part hereby give the said party of the second part an option to purchase the said premises for the sum of ten thousand five hundred dollars; this option to last during the tenancy of the term of this lease." The contract provides that if the lessee shall continue on the premises "after the termination of the above contract, then this contract to continue in full force for five years from May 20, 1906." Prior to the expiration of the original term, the lessors by a writing dated March 29, 1906, ratified and confirmed the option given to Gable to purchase the property "any time during the ten years from date of this lease." Gable took possession in pursuance of the lease, complied with all the terms thereof as to payment of rent, etc., and made extensive alterations and improvements on the property. He continued in possession of the property until the filing of the bill. George A. Whiteside died July 27, 1908, leaving a widow and three sons, the defendants, who are the residuary devisees of the property in ques-

tion.  Margaretta P. Whiteside died September 17, 1908, unmarried and without issue, devising all her interest in the property to the three defendants.  On July 26, 1910, Gable notified the defendants and widow in writing that he elected to exercise the option to purchase the property and offering to pay the purchase money upon delivery of the deed.  This notice was served upon two of the defendants, the residence of the other defendant could not be ascertained.  The defendants refused to convey the property, and the plaintiff avers that he is ready and willing to pay such part of the purchase money as may be required to be paid in cash and to execute a mortgage to secure the interest of the widow in the property as provided in the last will and testament of George A. Whiteside, deceased, upon the delivery to him of a proper deed and conveyance in fee simple for the real estate.

The answer denied that the option was ratified, and alleged that it had expired at the expiration of the original term.  It also denied that the plaintiff had ever offered to take a conveyance and pay the full purchase price subject to the widow's interest, or to take any conveyance unless she joined, which she refused to do.  It set up that the Court of Common Pleas had no jurisdiction, the remedy being in the Orphans' Court exclusively; that the widow was not a party to the lease or the option and had refused to take under her husband's will; that the bill was defective because the widow was not joined as a party defendant and because Harry I. Whiteside was not joined as executor of the estates of his father and aunt.

After the hearing, the title of the case was amended by adding thereto as defendant the name of Harry I. Whiteside, executor of the estates of George A. Whiteside, deceased, and Margaretta P. Whiteside, deceased.

The learned court below entered a decree that the plaintiff is entitled to specific performance of the optional contract, and to a conveyance by the defendants

of the premises in question upon payment of the amount of purchase money therein mentioned; and that upon payment or tender of payment of the purchase money to the executor of the two decedents, the defendants George A. Whiteside, John E. Whiteside, and Harry I. Whiteside are ordered and directed to execute and deliver to the plaintiff a deed in fee simple for all the right, title and interest of George A. Whiteside, deceased, and Margaretta P. Whiteside, deceased, in and to the premises in question, as also all the right, title and interest of said defendants in and to the premises acquired by them under the wills of the said decedents, or either of them, or by operation of law. From this decree the defendants have taken this appeal.

The third and twelfth assignments of error raise the question of the jurisdiction of the court to hear and determine the cause, and they must be sustained. The merits of the case are not before us and need not be considered. The Act of April 28, 1899, P. L. 157, 1 Purd. 743, provides: "Where any person shall have, by contract in writing, agreed to sell and convey any real estate in this Commonwealth and dies seized or possessed thereof,......it shall be lawful in all such cases for the executor or administrator of the decedent vendor,...... or for the purchaser of such real estate......to petition the Orphans' Court having jurisdiction of the accounts of the executor or administrator of the decedent vendor ......setting forth the facts of the case, and after due notice of such petition to the persons interested, according to the nature of the proceeding, to appear in such court on a day certain, and answer the petition; if there be cause, such court shall have power, if the facts be sufficient in equity, no sufficient cause being shown to the contrary, to decree specific performance of such contract according to the true intent and meaning thereof." Jurisdiction of the Orphans' Court to enforce specific performance of a contract for the sale of real estate by a decedent was also conferred by the Act

of February 24, 1834, P. L. 75. It is clear, therefore, that the Orphans' Court has jurisdiction to enforce the contract of a decedent for the sale and conveyance of real estate in this State. It is settled by repeated decisions of this court that the jurisdiction of the Orphans' Court is exclusive, and that neither a common law court nor a chancellor has jurisdiction in such cases. It is, therefore, too plain for argument that the Common Pleas did not have jurisdiction to entertain the bill in this case. The facts averred in the bill show that the plaintiff is attempting to enforce a contract made by George A. and Margaretta P. Whiteside, who died after the execution of the contract without having made any provision for completing it. The contract which the plaintiff seeks to have specifically performed was not made with the devisees or heirs of the two deceased parties and they cannot be compelled to perform it. If the plaintiff has a binding obligation for the sale of the premises in question by reason of the optional provision in the lease, it is a contract with the lessors and not with their devisees. If the lease of April 23, 1901, be eliminated from the case, the plaintiff has no ground on which he can demand conveyance of the real estate. He must rely upon that contract, or he fails to show any title to the real estate or any right to have it conveyed to him. If he does rely upon the contract, then he must go into the only tribunal in this State which has jurisdiction to enforce the performance of it, which is the Orphans' Court. The contention that the contract was not completed because the option was not accepted until after the death of George A. Whiteside, and that, therefore, the Orphans' Court does not have jurisdiction, is without merit. George A. Whiteside had entered into the contract in his lifetime, and it was a binding and enforceable agreement as against him. The contract did not expire when he died, and when the plaintiff accepted the option to purchase he had a right to demand that Whiteside's contract be complied with by his personal

representative. The acceptance of the option by the plaintiff made it immediately enforceable against both parties. It is true that until the acceptance of the option neither party could invoke the jurisdiction of the Orphans' Court to enforce specific performance, but when the option was accepted it was a binding obligation on both, a contract made by a decedent agreeing to sell and convey real estate, which was enforceable after his death. The only court having jurisdiction in this Commonwealth to enforce that contract on the application of either party is the Orphans' Court.

The decree of the court below is reversed, and the bill is dismissed at the costs of the plaintiff.