## Schnebly's Estate. Hoffeditz's Appeal.

*Decedents' estates—Wills—Power to sell realty—Fraudulent sale—Petition to set aside—Jurisdiction, O. C.—Laches.*

1. The Orphans' Court had jurisdiction of a petition to set aside a sale made by a deceased executor to his wife, also deceased, where the estates of both and all parties having any interest in the property were before the court.

2. Where a testatrix by her will gave her husband and executor power to sell any part of her real estate "at any time he may think it to the best interest of my estate, and convey the same in fee simple, but the proceeds shall be reinvested in good real estate securities, on like trusts," she gave him full power to make a bona fide sale of it, but not to sell to himself as vendee at private sale, for an inadequate price, or what is the same thing, to sell to a second wife for less than its real value.

3. In such case the fact that the legatees and devisees who were entitled to the realty did not file the petition until seven years after the sale is immaterial, where it appeared that the proceeding was instituted promptly after the death of the husband, prior to which time petitioners had no right to the possession or enjoyment of the property.

Argued March 8, 1915. Appeal, No. 163, Jan. T., 1914, by J. William Hoffeditz, from decree of O. C. Franklin Co., dismissing petition to set aside a deed, in the Estate of Harriet M. Schnebly, deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Reversed.

Petition to set aside a deed. Before GILLAN, P. J.

The opinion of the Supreme Court states the case.

The court dismissed the petition.   J. William Hoffeditz appealed.

*Error assigned* was the dismissal of the petition.

*William S. Hoerner,* with him *J. A. Mason* and *Ruthrauff & Nicklas,* for appellant.

*Charles Walter* and *O. C. Bowers,* with them *Arthur W. Gillan,* for appellees.

OPINION BY CHIEF JUSTICE BROWN, April 19, 1915:

Harriet M. Schnebly died in 1888, leaving to survive her a husband, Andrew R. Schnebly, and one child, Daniel Hoke Schnebly, then about twenty years of age. She owned and occupied a house and lot of ground in Mercersburg.   By her will, duly admitted to probate, she gave the residue of her estate, including this property in Mercersburg, to her executor, in trust for the purpose of paying one-half of the income thereof to him for life, and the other half to her son.   She directed that after the death of the former the whole estate was to go to the latter, but, in the event of his death in the lifetime of his father, she gave the whole estate to collateral relatives, subject to the interest given to her husband.   The will contained the following authority to the executor: "I authorize and empower my executor hereinafter named to sell any part of my estate, real and personal, at any time he may think it to the best interests of my estate and convey the same on fee simple, but the proceeds shall be reinvested in good real estate securities, on like trusts."   The son died in 1899.   In 1906 Andrew R. Schnebly, under the power of sale given to him in the will, conveyed the Mercersburg property to his second wife, Harriet O. McC. Schnebly, without advertisement, for the consideration of $3,000, in payment of which she, as vendee, executed a mortgage on the property to him, as executor.   This price was substantially

below its market value. Schnebly continued to occupy the property until his death in 1912, his second wife having died in 1911. The appellant, a son of one of the residuary legatees and devisees of Harriet M. Schnebly, instituted this proceeding for the purpose of having the sale to the second wife set aside. His petition, after a hearing, was dismissed, and from the decree dismissing it we have this appeal.

That the court below had jurisdiction to grant the relief prayed for by the appellant is not questioned, and cannot be doubted. The proceeding instituted was to set aside the sale made by Andrew R. Schnebly, the deceased executor. His estate and that of his wife were in process of settlement in the court; the real estate in controversy was still held by the executors of Harriet O. McC. Schnebly, and all parties having any interest in the property were before the court. Its jurisdiction was, therefore, clear: Dundas's App., 64 Pa. 325; Johnson's App., 114 Pa. 132; Tyson's Est., 191 Pa. 218; Spencer's Est., 227 Pa. 469.

When Harriet M. Schnebly, the testatrix, gave authority to her husband, as her executor, to sell her real estate, she intended that, if he sold it, he should make a bona fide sale of it. The authority to sell was not to sell to himself as vendee, at private sale, for an inadequate price, but this, in effect, is just what he did, for the conveyance to his second wife stands upon the same ground as if it had been made to himself: Dundas's App., supra. If his wife did not intend that he should sell her real estate to himself at less than its real value, much less did she intend to give him authority to make such a sale to one who might take her place in his bed and at his board. The court, after finding that no actual fraud had been perpetrated and that the recording of the transaction in the proper office had given notice of it to all the world, dismissed the bill because no steps had been taken to avoid the sale until nearly seven years after it had been made. In assigning this reason for his

action the learned judge of the Orphans' Court overlooked the fact that, by the terms of the will of Mrs. Schnebly, her legatees and devisees had no right to the possession or enjoyment of her real estate during the life of her husband. Within one month from his death this proceeding was instituted, and, instead of being guilty of laches, the appellant acted with great promptness. The decree of the lower court is reversed, and the record is remitted with direction that the decree prayed for by the appellant be made, the costs below and on this appeal to be paid by the estate of Andrew R. Schnebly.