# Schadt's Estate.

*Executors and administrators—Accounting as between two estates—Orphans' court—Jurisdiction—Decedents' estates—Contract—Equity—Pleadings—Evidence.*

1. The orphans' court has jurisdiction of a petition for an accounting, presented by the personal representative of one estate against the personal representative of another, if both are subject to the control of that court, and the liability is claimed to arise by reason of one of the decedents collecting funds of the other estate, by virtue of a power of attorney given by the executor of that decedent.

2. Under such circumstances, the failure to pay over the funds collected, does not limit the recovery to an action de son tort; the liability having arisen by virtue of a contract, the right to enforce an accounting is not lost by reason of such failure.

3. The proceeding being equitable in its nature, the facts averred in the petition, and not denied by the answer, must be taken as admitted; but other consistent facts may be shown which will operate to defeat the claim.

Argued January 26, 1925. Appeal, No. 2, Jan. T., 1925, by John A. Schadt, administrator c. t. a., from decree of O. C. Lackawanna Co., No. 615, 1908, dismissing petition for account, in estate of Charles H. Schadt, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for account. Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. John A. Schadt, administrator c. t. a. of Catherine Schadt, deceased, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Will Leach,* of *Wells, Leach & Davis,* with him *H. W. Mumford,* for appellant, relied on Act June 7, 1917, section 9 (d) and (e), P. L. 363.

*Harold Scragg,* of *Scragg & Scragg,* with him *Joseph O'Brien,* for appellees, cited: Power's Est., 10 W. N. C. 208; Delbert's App., 83 Pa. 468; Gaul's Est., 9 Phila. 333.

OPINION BY MR. JUSTICE SIMPSON, March 16, 1925:

In the court below, the administrator c. t. a. of the estate of Catherine Schadt, deceased, filed a petition and an amendment to it, which, when considered together, averred that the surviving executor of that estate (himself since deceased) had appointed Charles H. Schadt

(also since deceased, respondent being the executrix of his will) as attorney-in-fact for him, as surviving executor of the Catherine Schadt estate, and under this authority respondent's testator had "sold properties, collected rent and divers other moneys due to the estate of Catherine Schadt"; that no account had been rendered or filed of the moneys thus obtained; that respondent, at various times, up to within two years prior to filing the petition, had recognized the previous existence of the relationship stated, admitted settlement and payment had not been made, and promised to make them, but had failed and neglected so to do. The petition prayed, and the court below granted, a citation requiring respondent to show cause why, as executrix, she should not render an account of those collections.

The answers, filed in response to the citation, did not deny that Charles H. Schadt had been such attorney-in-fact; or that, by virtue thereof, he had collected moneys belonging to the Catherine Schadt estate; nor did it aver he had ever accounted for, or paid over, those moneys. The jurisdiction of the orphans' court was denied, as were the alleged admissions and promises of respondent, and, in general language, the liability of the Charles H. Schadt estate to that of Catherine Schadt. It was also averred that, under the facts appearing in the petition, the claim was a "stale one and barred by law; and further that the petitioner has been negligent, careless and guilty of laches in trying to collect said claim."

The court below, being of opinion that it lacked jurisdiction over the controversy, dismissed the petition, and this appeal followed. The basis of its opinion is that section 9 (1) of the Orphans' Court Act of June 7, 1917, P. L. 363, 372,—which the court alleges is the only one under which the jurisdiction invoked can be sustained if at all,—is not broad enough to cover the subject-matter of this claim. We do not agree that it is the only subsection to be considered; subsections (d), (e) and (n) are also important. The four of them provide that "The

jurisdiction of the several orphans' courts......shall extend to and embrace......

"(d) The control, removal, and discharge of executors and administrators deriving their authority from the register of the respective county, and the settlement of their accounts;

"(e) The distribution of the assets and surplusage of the estates of decedents among creditors and others interested;......

"(1) All cases within their respective counties, wherein executors, administrators, guardians, or trustees may be possessed of, or are in any way accountable for, any real or personal estate of the decedent;......

"(n) The exercise of all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto."

These subsections, except the last one, are but little more than a codification and a clarified restatement of the prior law on the subjects treated.

Of course, if the attorney and constituent had been acting as individuals only, the jurisdiction would necessarily be in the court of common pleas. So, also, if the attorney-in-fact were still alive, it might be (though we do not so decide, under the Act of 1917) that the only jurisdiction would be in that court, although the power of attorney was given by an executor, and the attorney-in-fact knew he was collecting assets of an estate under the charge and control of the orphans' court. Neither of these situations arises here. Petitioner is an administrator and respondent an executor; both are accountable to and under the control of the same orphans' court; the debts due by one estate are ascertainable by that court, and payable to whomsoever it shall direct; the assets due to and which were or should have been received by the other, are distributable under the authority of that court. "The settlement of [both of]

their accounts" is committed to the same court (subsection (d), supra), which, as shown above, is vested with "all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto": subsection (n) supra.

In the instant case, there is no attempt to charge respondent's decedent as an administrator de son tort, as appellee seems to think. Under the admitted facts he collected, by virtue of the power of attorney, a sum of money for which he should have accounted to the estate represented by appellant. This gives rise to a contractual liability. Upon the settlement of respondent's account as executrix, petitioner will be entitled to have paid to him whatever sum the court finds to be due. Under such circumstances, it would be a strange anomaly if the court which was to award the payment did not have power to provide the means for ascertaining the amount; and it would be still stranger if, merely by reason of the fact that the claim was presented to the orphans' court, the burden of proof would shift from the one whose duty it was to account, to the one who was entitled to receive the account. No such reproach was cast upon the law, under the statutes in force prior to the passage of the Act of 1917, which, as already shown, does not reduce the jurisdiction, but, on the contrary, by subsection (n), enlarges or clarifies it.

In Tyson v. Rittenhouse, 186 Pa. 137, where plaintiff and defendants were executors, a bill in equity was filed in the court of common pleas, inter alia, to compel defendants to reconvey certain property to plaintiff and for an account. It was said by the court below (page 142): "The rival claimants to the property in dispute are also in the orphans' court. The court has control over the executors of Mary Tyson as well as over the surviving executor of Charles Tyson. Why seek the aid of another court when the parties and subject-matter are

peculiarly within the control of the orphans' court? Whether these bonds, stocks and lands belong to the estate of Charles Tyson can be determined by the orphans' court. The orphans' court alone has the authority to ascertain the amount of a decedent's property and order its distribution among those entitled to it: Phillips, Administrator, v. Railroad Co., 107 Pa. 465. This property belongs to the husband's estate or to the widow's estate and both estates are in process of settlement in the orphans' court and all matters arising in the distribution must come under the jurisdiction of the orphans' court." For these reasons the bill in equity, filed in the court of common pleas, was dismissed. We affirmed, saying (page 144): "The question of jurisdiction presented by this appeal......appears to have been carefully considered and correctly decided. We have no doubt as to the correctness of the conclusion reached by the learned president of the common pleas."

In Tyson's Est., 191 Pa. 218, on a petition for a citation, it was said by the court below, in summarizing the facts: "The executor of Charles Tyson alleges that certain personal property in the possession of Mary Tyson at her death, or standing in her name at her death, is the property of the estate of Charles Tyson, and that certain real estate, the record title of which is in the name of said Mary Tyson, is also the property of the estate of Charles Tyson." The court below dismissed the petition, and we reversed, saying (page 223): "This is in form a petition for a citation to account, but in substance it is a bill in equity by the surviving executor of Charles Tyson against the executors of Mary Tyson for the conveyance and transfer of property, real and personal, held by the respondents as part of the estate of their testator, but claimed by plaintiff as part of the estate of Charles Tyson. The court below dismissed the petition on the ground that as to the realty it was an ejectment bill and not within the jurisdiction of the court, and as to the personalty that the title was in Mary Tyson in her life-

time, and passed by her will to her executors. The distinction as to jurisdiction between the real and personal estate is not well taken. While ejectment for the real estate as such is the remedy in ordinary cases for heirs or devisees, yet in the present case the executors are charged by the will of Charles Tyson with the administration of his real estate, as well as his personalty, and the jurisdiction of the orphans' court to assist executors and administrators in obtaining possession and control of the decedent's assets is very extensive: Brooke's App., 102 Pa. 150; Odd Fellows Savings Bank's App., 123 Pa. 356; Lafferty v. Corcoran, 180 Pa. 309. In Mulholland's Est., 154 Pa. 491, the very basis of the order to pay over or secure the money was that it was the proceeds of decedent's real estate, and must be dealt with as such. In the present case the property in controversy admittedly had been Charles Tyson's. At his death it passed into the possession of his widow, Mary, under his will. At her death her executors took possession of it as part of her estate, and appellant claimed it as part of Charles Tyson's. The title to it depends on the will of Charles Tyson, and both parties are in the orphans' court for supervision and control of their management of their respective trusts under his will and hers. It is a case for the jurisdiction of the orphans' court, and such was the decision when the case was here last year: Tyson v. Rittenhouse, 186 Pa. 137."

Under the facts appearing in those cases, and in the present one also, the jurisdiction of the orphans' court has never been successfully challenged. They have been cited with approval in a number of our later decisions, the most elaborate one being Williams' Est., 236 Pa. 259, where the present Chief Justice reviewed many of the prior cases. The distinction there pointed out, (page 269) is that if "the disputed property has never been within the grasp of the [orphans'] court, but is in the possession of one claiming adversely to the estate," the orphans' court does not have jurisdiction of the subject-

matter; otherwise it has. In Cutler's Est., 225 Pa. 167, 170, quoted and approved in Williams' Est., supra, it is said: "The jurisdiction of the orphans' court is limited to the estate of which the testator died seized. With respect to such estate it has full jurisdiction." In the instant case, the property, for which an accounting is now sought, was within the grasp of that court at the time the surviving executor of Catherine Schadt gave the power of the attorney to respondent's testator.

What we have said necessitates a reversal of the order of the court below, but it does not require us to grant the prayer of the petition. On the question of jurisdiction no evidence was needed; the essential facts regarding that matter appeared in the pleadings. Hence no depositions were taken, and the other disputed issues were not considered. Now they have become important, and evidence must be produced to show the real facts. The proceeding being equitable in its nature, and there being no dispute regarding the giving of the power of attorney to respondent's decedent, his collection of estate assets under it, and his failure to account, those facts must be taken as admitted: Carr v. Ætna Accident & Liability Co., 263 Pa. 87, 93; State Camp of Pa. P. S. of A. v. Kelley, 267 Pa. 49, 54. There is much more in the case than this, however. Whether the statute of limitations or laches bars the claim, whether respondent did or did not make the acknowledgments and promises alleged, and, if she did, what is their effect, are all matters to be considered when the real facts are shown. In attempting to establish his contention, petitioner may have no light burden to carry in view of the great delay appearing on the face of the proceedings.

The order of the court below is reversed and a procedendo is awarded.