## Cutter's Estate.

*Courts—Orphans' court—Jurisdiction—Striking off satisfaction entered on mortgage.*

The orphans' court is a tribunal of limited jurisdiction, and has no power to make an order striking off satisfaction entered on a mortgage.

Argued May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 151, Jan. T., 1926, by Bess E. Cutter Pastorius, from decree of O. C. Erie Co., Sept. T., 1923, No. 21, striking off satisfaction of mortgage, in Estate of Ross H. Cutter, deceased. Reversed.

Exception to order of court striking off satisfaction of mortgage. Before CLARK, P. J.

The opinion of the Supreme Court states the facts.

Decree striking off satisfaction of mortgage entered, in opinion in 7 Erie Co. L. J. 253. Bess E. Cutter Pastorius appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Miles B. Kitts,* for Bess E. Cutter Pastorius, defendant, cited: Ake's App., 74 Pa. 116; Harrisburg Nat. Bank's App., 84 Pa. 380; Brinker v. Brinker, 7 Pa. 53; Webb's Est., 15 Pa. Dist. R. 54; Schnepf's Est., 48 Pa. Superior Ct. 580; Cutler's Est., 225 Pa. 167; North Penn Coal Co. v. Snowden, 42 Pa. 488.

*P. V. Gifford,* for Erie County, and *L. E. Torry,* for Erie County Law Library, cited: Whiteside v. Whiteside, 20 Pa. 473; Hammett's App., 83 Pa. 394; Yocum v. Bank, 195 Pa. 411; Dickinson's Est., 148 Pa. 142.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

The question we are to determine on this appeal is whether the orphans' court has power to order the striking off of the satisfaction entered on a mortgage. It would seem, giving thought to the fundamentals of our jurisprudence, that to ask the question is to answer it negatively, yet the court below assumed that it had the power and exercised it.

Ross H. Cutter was clerk of the courts of Erie County. He appears to have embezzled public moneys belonging to the county and to the Erie County Law Library, using certain of the funds thus unlawfully acquired to pay off a mortgage which was a lien on a property belonging to himself and his wife as tenants by the entireties. Satisfaction was entered on the mortgage by the mortgagee. Thereafter Ross H. Cutter died and on the audit of his estate, which was insolvent, claim was made by the County of Erie and by the law library thereof for the funds belonging to them which he in his lifetime had misappropriated. On its appearing that some of the misapplied money had been used to pay the mortgage, the orphans' court directed that the satisfaction entered thereon should be stricken off. From this order the widow, now Bess E. Cutter Pastorius, appeals.

The orphans' court is a tribunal of limited jurisdiction and has no power to make such an order as is here appealed from. Its jurisdiction and powers are specified and enumerated in the acts of assembly relating to it and in none of them either directly or by implication is such power conferred: Remick's Pennsylvania Orphans' Court Practice (1924), vol. 2, p. 752. The orphans' court is a tribunal of limited jurisdiction, a special tribunal for specific causes: Brinker v. Brinker, 7 Pa. 53, 55. Though proceedings in the orphans' court are modeled on those in a court of equity, and it has been said "it is possessed of chancery powers, and can proceed according to chancery practice......in the administration of its appropriate duties" (Horner v. Hasbrouck, 41 Pa.

169, 180; Mallory's Est., 285 Pa. 186), it has no general equity jurisdiction: Brinker v. Brinker, supra; Power v. Grogan, 232 Pa. 387, 395, 396. Even where it has jurisdiction of a cause, its equity powers do not enable it to make final disposition thereof under certain circumstances: Ake and Feay's App., 74 Pa. 116; Appeal of Harrisburg National Bank, 84 Pa. 380. It has no jurisdiction to decide whether property which has never been included in the decedent's estate as assets thereof, and which is claimed by third parties, should be so included (Schnepf's Est., 48 Pa. Superior Ct. 580; Appeal of Harrisburg National Bank, supra), and the fact that the person claiming and in possession of the property is the executrix of the estate does not give the court jurisdiction over her in her personal capacity: Cutler's Est., 225 Pa. 167. We have very recently decided that the orphans' court has no jurisdiction to set aside a conveyance alleged to have been made in fraud of creditors: Walkinshaw's Est., 275 Pa. 121. "The orphans' court is not a common law court. It was created and its jurisdiction defined by the statutes of this State; and outside of the lines drawn for it it is without power, and its decrees are a nullity": Miller's Est., 159 Pa. 562, 572.

The decree of the court below directing that the satisfaction of the mortgage shall be stricken off is reversed without prejudice; costs to be paid out of the estate.