## Bell et al., Appellants, v. Bell.

*Specific performance—Orphans' court—Decedents' estates—Act of June 7, 1917, P. L. 447, 486.*

1. The orphans' court has exclusive jurisdiction of proceedings to compel the specific performance of written contracts for the sale of realty, in all cases where the vendor or vendee has died before the property has been conveyed to the latter.

2. The words "seized or possessed," as used in section 18 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 486, mean "seized or possessed" of the vendor's estate in the land, regarding which specific performance is sought.

*Statutes—Construction—Later cognate statute—Presumption.*

3. Where words and phrases appearing in a statute have received judicial construction, and are later used in a cognate statute, the presumption is that they were intended to be similarly interpreted.

*Res judicata—Parties—Privies—Request to pass on particular subject—Estoppel—Maxims.*

4. Where, under some circumstances, a court may have jurisdiction to determine the subject-matter of a dispute between two litigants, and, at the request of one of them, it does so in the suit thus pending, the party cannot thereafter challenge the jurisdiction exercised; allegans contraria non est audiendus.

Argued September 27, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 99, March T., 1926, by plaintiffs, from judgment of C. P. Armstrong Co., Sept. T., 1925, No. 278, on verdict for defendant, in case of Dallas L. Bell and John F. Bell, Jr., executors of Estate of John F. Bell, deceased, v. Harry B. Bell. Affirmed.

Assumpsit for balance of purchase money of real estate. Before BAIRD, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were various instructions, quoting record.

*Harry C. Golden,* with him *J. W. King* and *C. O. Morris,* for appellants.—The court erred in holding that the orphans' court had adjudicated the issue involved in an action of assumpsit: Elliott v. Ins. Co., 76 Pa. Superior Ct. 534; Cavanaugh v. Buehler, 120 Pa. 441; Moser v. R. R., 233 Pa. 259; Burford v. Burford, 29 Pa. 221.

*Charles E. Harrington,* with him *John S. Rohrer,* for appellee.—It was the exclusive province of the jury to weigh, one against the other, the declarations of testator respecting when and where made, and under what circumstances. This submission became imperative because plaintiffs compelled it, and the verdict of the jury

against them ends their case: Morrett v. Fire Assn., 265 Pa. 9; Steinmetz v. Smullen, 277 Pa. 551.

Plaintiffs contend that the will and codicil contained no devise of the lands to defendant, and that there is no question here involving the construction of a will or codicil.   That conclusion is not warranted by the decision in Burford v. Burford and it is expressly negatived by the case of Thompson's Exrs. v. Lloyd, 49 Pa. 127.

It seems too plain for argument that the jurisdiction of the orphans' court is exclusive, and that neither the court of common pleas nor a chancellor has jurisdiction to enforce payment or collection of the amount due under decedent's contract.

Opinion by Mr. Justice Simpson, November 22, 1926:

Plaintiffs, as executors under the will of John F. Bell, deceased, sued one of his sons, the defendant herein, to recover the purchase price named in a written agreement by which testator had sold a farm to defendant for $4,000, three per cent of which was to be paid "each year......in quarterly instalments......If it is absolutely necessary $200 more is to be paid each year, until the death of John F. Bell and his wife.   The above consideration to be secured by mortgage against said property when deed is made out."   The jury rendered a verdict for defendant, and from the judgment entered thereon plaintiffs appeal.

Some ten years after the date of the agreement, and about four months before his death (decedent's wife having previously died), he executed a deed for the farm to defendant, for the expressed consideration of $4,000, which was recited to have been well and truly paid by the latter, though no money was then paid, nor was a mortgage given by him.   On the same day, decedent also executed a codicil to his will, by which he gave his residuary estate to two other sons (plaintiffs herein, and the only other persons interested in this controversy),

excluding defendant (who, by the will, had been given an
equal share with them), "on account [as stated in the
codicil] of deeding my farm" to him. The deed was not
delivered to defendant, however, and he continued to
make quarterly payments specified in the agreement.
Evidently testator intended that the deed and codicil,
each as a gift, should take effect upon his death, and
thereby the three sons would each receive substantially
the same amount from his estate. There was testimony
of his statements to this effect, made at the time of the
execution of the deed and codicil, but neither our con-
clusion as to his intention, nor the evidence last referred
to, are important in determining this appeal.

Testator died March 10, 1922, since which time appel-
lants have been constantly trying to compel defendant
to pay for the farm or to give it to them; alleging also
that, because of the codicil, he had no claim to any part
of decedent's estate. They first brought ejectment, in
their own right, claiming they were entitled to the farm,
as residuary devisees under testator's will. While this
was pending, they as executors under his will, filed in
the orphans' court a petition in which they averred the
execution of the agreement of sale, and that defendant
had not paid the consideration named therein, and
prayed that he be required to specifically perform his
contract by paying to them, as such executors, the $4,000
with interest, and, upon his so doing, that they be au-
thorized to execute and deliver to him a deed for the
land. Defendant answered, averring, inter alia, that
plaintiffs were estopped from recovering any part of the
consideration money. Issue being thus joined, a trial
was had, and the orphans' court decided, as expressly
requested by plaintiffs, that it had jurisdiction to grant
the prayer of their petition, but it also held that, under
the facts found, they were estopped from claiming that
defendant owed any part of the consideration money
named in the agreement. Exceptions filed by plaintiffs
to these findings were dismissed, as was also the petition

for specific performance itself, and that decree stands unreversed.

Appellants' petition in that proceeding was based on section 18 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 486, which expressly authorizes a vendor's executors to file, in the orphans' court, a petition for specific performance in all cases where the vendor has died before complete performance. Clause (b) of the same section provides that "The aforesaid remedy by petition to the orphans' court shall hereafter be exclusive," and so it was held to be in Gable v. Whiteside, 242 Pa. 188, and Manzer v. Wycoff, 78 Pa. Superior Ct. 560. Recognizing this, appellants aver, in the instant case, that the orphans' court did not have jurisdiction of the petition which they had filed, because the statute only applies to lands of which a decedent died "seized or possessed." Having invoked its jurisdiction, however, and expressly induced the court to assert its existence and to act accordingly, appellants cannot be heard to take their present inconsistent position, in this later proceeding to recover the same purchase price, from the same defendant, on the same agreement of sale; allegans contraria non est audiendus: Garber v. Doersam, 117 Pa. 162, 168; Donnelly v. Public Service Commission, 268 Pa. 345, 350.

Moreover, it was said in Myers v. Black, 17 Pa. 193, 198, that "The Act of 1834, sections 15 and 16 [which used the same language, P. L. 70], invested the orphans' court with full authority to make and enforce a decree for specific performance in every case where the vendor is dead." So far as concerns the present dispute, section 18 (a) of the Fiduciaries Act is copied from the foregoing sections of the cognate Act of 1834, and, hence, the words "seized or possessed" should receive the same construction in the Act of 1917: Hedrick v. Harrisburg, 278 Pa. 274. Aside from this, however, since bills or petitions for specific performance always have for their purpose a transfer of the title of the vendor, on payment

of the purchase price, it necessarily follows that, when section 18 of the Fiduciaries Act vests exclusive jurisdiction in the orphans' court to grant relief "Where any persons shall have, by contract in writing, agreed to sell and convey any real estate in this Commonwealth, and died seized or possessed thereof," it must mean "seized or possessed" of the title of the vendor which is thereby sought to be transferred to the vendee. This being so, clearly the orphans' court had jurisdiction of the petition filed with it, and the issues it decided could not legally be re-raised by appellants in the court of common pleas, as they attempted to do in the present case; and this would be so under the ordinary principles of res adjudicata, even if the jurisdiction of the orphans' court was not exclusive: State Hospital for Criminal Insane v. Consolidated Water Supply Co., 267 Pa. 29.

The judgment of the court below is affirmed.