## Mains's Estate.

Argued March 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. Q. Creveling,* with him *Peter J. McCormick* and *Patrick J. O'Connor,* for appellant.

No appearance was made, nor brief filed for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1936:

Charles W. Mains died September 10, 1915, leaving a will in which he appointed his son, Harry S. Mains, as executor. The will provided that he should hold certain real and personal property in trust and directed as to the disposition of the income and principal thereof. In 1931, Harry S. Mains died intestate, leaving to survive him Jennie C. Mains, widow, and Charles V. Mains, Robert Mains, John Mains and Elizabeth Mains, children. His son, Charles V. Mains, was appointed substituted trustee in the place of the father, on August 12, 1931. Prior to this time, in February, 1931, Jennie C. Mains had been granted administration of the estate of her husband, Harry S. Mains, and on October 13, 1931, after her son had been appointed substituted trustee, she petitioned for and was granted administration d. b. n. c. t. a. of the estate of Charles W. Mains.

On September 8, 1933, a citation was issued on petition of Charles V. Mains, substituted trustee, directed against Jennie C. Mains as administratrix of Harry S. Mains, and also in her capacity as administratrix d. b. n. c. t. a. of Charles W. Mains, and against the heirs of Harry S. Mains. The petition sought the determination of rights of parties distinctly hostile and antagonistic to each other, and attempted to secure a review of the administration by the original trustee over the entire period of the trust, part of which had been accounted for and judicially approved. It set forth that on August 11, 1923, a portion of the trust estate was separated from the general estate and transferred to another trustee by

order of the court and, at the same time, an account filed and approved which was subsequent to all the transactions which the petitioner now seeks to have avoided. A personal property account was confirmed on October 26th of the same year. It is charged these accounts were incomplete, false and fraudulent, and by this means a separation of this part of the trust estate was accomplished.

As an independent subject for adjudication the petition sets up that Harry S. Mains, the deceased trustee, conveyed certain trust real estate to various straw men without consideration, and by various conveyances title to this real estate became vested in Harry S. Mains, individually. That Harry S. Mains sold trust real estate and never accounted for the proceeds thereof, and purchased in his individual name real estate with trust moneys. [All prior to his accounting.] That he had failed to account for rents and profits received from the trust assets. [Although the petition had already set forth an account of personalty filed in 1923.] And, last, that he had failed to account for certain shares of stock and cash which were the property of Charles W. Mains at his death and which came into the possession of Harry S. Mains as executor and trustee.

Conveniently overlooking the prior accounting, the petitioner prayed that as to such real estate which had been conveyed out of the trust by Harry S. Mains and then reconveyed to him in his individual capacity and which, by his death, descended to his widow and heirs, deeds be ordered transferring the same to petitioner, and the intermediate outstanding deeds be declared void; that the administratrix be required to account and pay over the proceeds of the trust real estate which had been sold by Harry S. Mains; that an accounting be ordered of all the rents and profits received from the trust assets; and that the shares of stock be declared a part of the trust estate and ordered delivered to Charles V. Mains as trustee. An answer was filed to this petition which

246

denied the jurisdiction of the court to grant the relief prayed for and, after argument, the court dismissed the bill on that ground.

The court below took the view that "the petition appears to be based upon the assumption that the orphans' court is a court of equity of general jurisdiction over persons and property" and that it was being asked "to advise the petitioner what he should have and then decree that he have it." The court stated that the petition, in effect, with the exception of one item relating to the bank stock, is in substance an "action in ejectment," and it also stated that "the petition discloses affirmatively that rightly or wrongly these properties have been conveyed by deeds of record involving some ten persons who are not made parties to this bill, and are not charged to be parties to the fraud but to be the instruments through whom Harry S. Mains operated." It concluded that while the estate might be called upon to answer through an accounting, it had no jurisdiction to award relief in the manner prayed for. Since we are here concerned only with the correctness of the court's ruling regarding its power to award the relief requested and the proper remedy to be pursued, we need not take up any other matter possibly involved in this controversy. The answer to this petition correctly challenges the jurisdiction of the court.

The orphans' court is a court of limited jurisdiction, the extent of which is determined entirely by statute. Any warrant for its action must be found in the language of the statutes which create and define its powers: *Willard's App.*, 65 Pa. 265; *Weyand v. Weller*, 39 Pa. 443. This petition and the prayers which accompanied it are of a character which can be addressed only to a court having complete and plenary equity jurisdiction, and we find nothing in the acts of assembly which confer such on the orphans' court or which give it authority to proceed in the manner requested. While that court is often characterized as having the powers of a court of equity,

nevertheless, these do not extend beyond the subjects which the court is authorized by statute to handle in the first instance. As stated by Justice SHARSWOOD in *Willard's App.*, supra, "When it is said, as it has often been said, that the orphans' court is a court of equity, all that is meant is that in the exercise of its limited jurisdiction conferred entirely by statute it applies the rules and principles of equity."

A casual reading of this petition discloses that what petitioner seeks is a discovery, an accounting, a declaration of rights of various parties and, as accessary thereto, a determination of many and varied conflicting facts. To these may be added orders for reconveyances and the avoidance of outstanding deeds to land. One would search in vain for any grant of such power to the orphans' court in the statutes of this State. The relief sought can be granted only by a court of full equitable powers, and we cannot include within the jurisdiction of the orphans' court what has hitherto been conceded to be without: *Cutter's Est.*, 286 Pa. 505; see *Miller v. Fulton*, 206 Pa. 595; *Browne v. Maxwell*, 288 Pa. 398. The parties to the deeds which are sought to be voided are not cited or made parties to this action. Clearly even a court of full equity powers could not act under such circumstances.

The multifariousness of the petition shows on its face complete lack of authority. The record shows accounts to have been filed and presumably they embraced all the trust property and showed all trust transactions to the date of filing. The orphans' court was correct in holding that it had no power to take jurisdiction over the matter as presented. A petition for review is the only procedure to obtain a reëxamination of matters already adjudicated: *Howell's Est.*, 5 W. N. C. 430; *Downing's Est.*, 5 Watts 90. Without review in the proper way these accounts close the door to a proceeding such as this.

Decree affirmed at appellant's cost.