Colison Estate.

532

Argued March 24, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James P. Bryan*, with him *Bryan, Joslin & Bryan*, for appellant.

*William W. Knox*, with him *Alvin L. Beach* and *Wayne A. Gleeten*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 14, 1947:

The question here presented is whether, in the facts of this case, the orphans' court had jurisdiction to decree specific performance and an accounting.

On November 8, 1929, Albert L. Caflisch purchased land in Erie County at sheriff's sale, being the property of Claribell Colison, wife of Frank N. Colison. By writing dated November 11, 1930, Albert L. Caflisch and the A. L. Caflisch & Sons Lumber Company agreed to convey the premises to Mr. and Mrs. Colison upon repayment of the consideration paid to the sheriff, plus interest, taxes, repairs, upkeep and all other expenses. The Colisons agreed to pay $20 each month to the lumber company as agent for Caflisch. The conveyance was to be made by Caflisch to the Colisons when the total amount of the installments equalled the stated amount. The Colisons went into possession and the surviving husband remained in possession since November 8, 1929.

Albert L. Caflisch died testate on December 9, 1935. By his will he appointed executors and trustees who were directed to sell and convert assets and divide among his four named children and the children of a named deceased daughter.

Frank N. Colison (surviving husband) died intestate March 5, 1946, leaving to survive him as his only heir-at-law a granddaughter. James P. Bryan (petitioner) was appointed administrator of his estate.

On June 4, 1946, the beneficiaries (and their respective spouses) under the will of Albert L. Caflisch conveyed their right, title and interest in the premises in question to Ward C. and Mildred D. Bliley.

The present petition is by the administrator of the estate of Frank N. Colison for a citation against the lumber company for an accounting for all moneys paid to it by the decedent Colison and for a decree of specific performance against the executors and trustees of decedent Caflisch, the beneficiaries under his will, and the grantees of the beneficiaries' right, title and interest in the premises. The respondents filed an answer raising preliminary objections to the petition. The objections were sustained and the petition dismissed. This appeal followed.

The learned court below correctly dismissed the petition. An administrator of an intestate's estate has no authority over his *real estate,* except where application is made under section 16[a] of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS 551 et seq., for sale for payment of debts. Lands descend to the heir: *Merkel's Estate,* 131 Pa. 584, 18 A. 931; *Morrison's Estate,* 196 Pa. 80, 46 A. 257; *Wolfe et al. v. Lewisburg T. & S. D. Co.,* 305 Pa. 583, 158 A. 567; *Hogsett v. Lutrario,* 140 Pa. Superior Ct. 419, 13 A. 2d 902.

The petition must be dismissed for a more fundamental defect. The orphans' court has no jurisdiction to decree specific performance of a contract to sell real estate where respondents are strangers to the decedent's

estate. Respondents Blileys are grantees of the heirs or devisees.

The orphans' court is a court of limited jurisdiction, exercising only such power as is given by statute: *Cutler's Estate,* 225 Pa. 167, 73 A. 1111; *Cutter's Estate,* 286 Pa. 505, 134 A. 489; *Watson's Estate,* 314 Pa. 179, 170 A. 254; *Mains's Estate,* 322 Pa. 243, 185 A. 222; *Mellinger's Estate,* 334 Pa. 180, 5 A. 2d 321. Within its limited jurisdiction it applies the rules and principle of equity: *Brinker v. Brinker,* 7 Pa. 53; *Willard's Appeal,* 65 Pa. 265; *Douglas's Estate,* 303 Pa. 227, 154 A. 376. By the Fiduciaries Act of June 7, 1917, P. L. 447, section 18(b), 20 PS 612, the orphans' court has exclusive jurisdiction of decedent's contracts *to sell or purchase* real estate: *Gable v. Whiteside,* 242 Pa. 188, 88 A. 931; *Cardon's Estate,* 278 Pa. 153, 122 A. 234; *Bell et al. v. Bell,* 287 Pa. 269, 135 A. 219; *Manzer v. Wycoff & Wycoff,* 78 Pa. Superior Ct. 560. It may be decreed against a *living* vendee: *Bell et al. v. Bell,* supra; *Manzer v. Wycoff & Wycoff,* supra, or against a *deceased* vendee: *Fay's Estate,* 213 Pa. 428, 62 A. 991; *Mellinger's Estate,* supra, or where *both* vendor and vendee are deceased and their estates are before the orphans' court: *Tyson v. Rittenhouse,* 186 Pa. 137, 40 A. 476; *Tyson's Estate,* 191 Pa. 218, 43 A. 131. See *Schnebly's Estate,* 249 Pa. 208, 94 A. 827; *Schadt's Estate,* 282 Pa. 523, 128 A. 487. But if title was conveyed by a vendor in his lifetime, the court of common pleas *alone* has jurisdiction: *White v. Patterson,* 139 Pa. 429, 438, 21 A. 360; *Kennard's Estate,* 28 District 383; *Glen Mfg. Co. v. Glatfelter's Executors,* 35 York 149. Where *heirs or devisees convey real estate to strangers to the will,* the orphans' court has no jurisdiction to decree specific performance: *Spencer's Estate,* 227 Pa. 469, 76 A. 172; *Fry's Estate,* 270 Pa. 24, 112 A. 757; *Degenkolv et al. v. Daube,* 143 Pa. Superior Ct. 579, 588, 18 A. 2d 464. See also: *Mains's Estate,* 322 Pa. 243, 185 A. 222.

The lumber company, a respondent, is a stranger to the will of Caflisch. The orphans' court, therefore, has no jurisdiction to compel an accounting for moneys paid to it by Colison: *Walkinshaw Estate*, 275 Pa. 121, 118 A. 766; *Cutter's Estate*, 286 Pa. 505, 134 A. 489.

The court of common pleas and not the orphans' court has jurisdiction over the controversy in this case.

Decree affirmed at the cost of appellant.