## In re Moorshead, Trustee

*Edward D. McLaughlin* and *Roy Martin Boyd*, for petitioner.

*Frank A. Moorshead* and *M. E. Potter*, for respondent.

VAN RODEN, P. J., January 25, 1949.—On September 27, 1948, Frank A. Moorshead filed an account in this

court as trustee under declaration of trust dated September 22, 1939. On October 8, 1948, upon petition of Harvey P. Jones, a citation was issued to show cause why the said account should not be stricken from the record for lack of jurisdiction in this court to entertain such account. By answer and replication, the issue was joined as to whether this account is one properly cognizable by this court.

From the testimony submitted at a hearing held on October 25, 1948, it appears that on or about August 4, 1939, A. Roy Robson and Harvey P. Jones purchased a tract of land in Lower Merion Township, Montgomery County, Pa., title thereto being taken in the name of Lillian Schultz, who executed a purchase money mortgage. By deed dated September 20, 1939, title was conveyed by said Lillian Schultz to Frank A. Moorshead, an attorney-at-law who was representing Messrs. Robson and Jones in this transaction. On September 22, 1939, the said Frank A. Moorshead stated in writing that he did "hold premises General Lafayette Road, Lower Merion Township, Montgomery County, Pa., acquired from LILLIAN SCHULTZ under date of September 20, 1939, in trust for A. ROY ROBSON and HARVEY P. JONES as their several interests may appear." It appears that a copy of said declaration of trust was sent to Mr. Robson shortly afterwards, but that no copy was furnished to Mr. Jones until 1948.

From time to time portions of the land were sold and the proceeds used for the improvement and development of the tract. Mr. Moorshead executed the deeds to the purchasers and directed the distribution of the proceeds. At all times, however, such distribution was strictly in accordance with the wishes and instructions of Mr. Robson and Mr. Jones and at all times Mr. Moorshead was willing to convey the unsold portion of the tract to them had they so requested.

Mr. Robson died October 28, 1943, and his will was duly probated in Chester County, Pa., where he last resided. The executors of his estate are interested in securing an accounting from Mr. Moorshead who is very willing to account and he has filed such accounting in this court because he is a resident of Delaware County although he maintains an office in Philadelphia and conducted the business transactions relating to this property in Philadelphia.

Petitioner's contention is that Mr. Moorshead was acting as a "straw man" and was therefore an agent rather than a trustee. The distinction between an agent and a trustee was observed in Jenkins' Estate, 20 D. & C. 671 (1934). In that case, an investment broker wrote a letter to a customer referring to "the list of securities which I am holding for you subject to your instructions, as trustee". It was held that the orphans' court had no jurisdiction in the matter. As stated by the court (p. 674):

"Calling oneself a trustee does not make a man a trustee, unless a trust is created, and we find no trust relation in the instant case. Whatever remedy or redress exceptant has is a matter for courts other than ours."

There are, of course, certain well-recognized distinctions between an agent and a trustee. For example, an agent does not ordinarily have title to the property of his principal, although he may have certain powers with respect to it, whereas a trustee always has title to the trust property: A. L. I. Restatement of the Law of Trusts §8. Frequently, however, the same person is both agent and trustee with respect to a particular transaction. As stated in comment (f) to the cited section of the Restatement of the Law of Trusts:

"A person may be at the same time both an agent and a trustee for the same person. If an agent is

entrusted with the title to property for his principal, he is a trustee of that property."

We have no doubt, therefore, that Mr. Moorshead may properly be regarded as a trustee with respect to the property involved since he held legal title thereto, but, by his own express declaration, held such title for the benefit of other persons.

In the opinion of the court, however, the important question to be decided is not which label may properly be applied to the capacity in which Mr. Moorshead acted, but whether his account falls properly within the jurisdiction of this court.

It is well recognized that the orphans' court is a court of limited jurisdiction, exercising only such power as is given by statute: In re Colison Estate, 356 Pa. 531 (1947). We must, therefore, find a statutory basis for the exercise of jurisdiction by this court. Section 9(b) of the Orphans' Court Partition Act of June 7, 1917, P. L. 363, 20 PS §2242, conferred jurisdiction over trustees of decedents' estates. It is obvious that respondent is not in that category since the asserted trust did not arise by reason of a testamentary instrument. Section 9(r) of the Orphans' Court Partition Act, added June 26, 1931, P. L. 1384, sec. 1, 20 PS §2253a, conferred jurisdiction over the "control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos". If respondent may properly be considered as the trustee of a trust inter vivos, then he has properly filed his account as such trustee in the orphans' court of the county in which he resides.

All of the decided cases seem to hold that not every trust comes within the statutory jurisdiction of the orphans' court. Thus, it has been held that the orphans' court has no jurisdiction over trusts which arise by operation of law, nor where the relationship established between the parties is solely one of principal and agent: Gorkiewicz's Estate, 43 D. & C. 40, 41

(1941). In such cases, exclusive jurisdiction remains in the court of common pleas.

It is admitted in the instant case that no formal deed of trust inter vivos was ever executed. Of course, a trust may be proven by parol evidence, and if an express trust is so proven, the orphans' court has jurisdiction: Gorkiewicz's Estate, supra. Nevertheless, a mere declaration of trust is insufficient to create an express trust inter vivos, within the meaning of the statute conferring such jurisdiction upon the orphans' court, unless the essential elements of a trust are present: Weber's Trust, 50 D. & C. 538 (1943). Furthermore, the act was not intended to confer jurisdiction where the trust is for a temporary purpose: In re Stief et al., 32 D. & C. 289 (1938).

In Weber's Trust, supra, there was a written instrument which recited a trust in certain mortgages, providing for collection of principal by the trustee, payment of certain equitable liens on the mortgaged real estate and commissions to real estate brokers, and distribution of the balance between two persons in designated proportions, subject to certain outstanding liabilities of one beneficiary. It was held that such a trust was not subject to the jurisdiction of the orphans' court, and examination and audit of the account were refused.

If present respondent's position were carried to its logical conclusion, it would mean that the orphans' court would have jurisdiction over every straw party transaction, since the legal title is in a person other than the beneficial owner and the straw party is under an obligation to account for the proceeds and also to convey or reconvey title upon request of the real owner. Although there is a fiduciary relationship present in such case, it by no means follows that a true trust relationship has been created. In Brunner, Executrix, v. Edwards, 337 Pa. 513 (1940), it was held that one

who receives funds of another without agreement to manage or invest but merely to pay them out is not a trustee in the strict sense of that term, but rather a custodian, and that the rules governing trusts do not apply to such a case. The proper test in determining the jurisdiction of the orphans' court over a trust inter vivos would seem to require some analogy to a testamentary trust, the difference lying principally in the nature of the instrument giving rise to the trust relation, but the relative rights, duties, privileges and liabilities of the parties being comparable: In re Stief et al., supra. Applying such test, it seems clear that a straw party transaction is not a trust of such nature as was in the contemplation of the legislature in conferring additional jurisdiction upon the orphans' court.

Accordingly, although we believe that respondent is to be commended for his willingness to furnish a full and complete accounting of the transaction, and also believe that all parties concerned would be benefited thereby, nevertheless, the court is compelled to reach the conclusion that the facts in the instant case, as disclosed by the testimony, do not establish a trust inter vivos within the meaning of the amendment of 1931. Therefore, the court enters the following

*Order*

And now, to wit, January 25, 1949, it appearing to the court that the account under consideration does not relate to a testamentary trust or to a trust inter vivos or to any other transaction properly within the jurisdiction of the orphans' court, it is therefore ordered, adjudged and decreed that:

1. The prayer of the petition is hereby granted and the said account is hereby ordered stricken from the record for want of jurisdiction.

2. The parties shall bear their respective costs.